PER CURIAM.
Benjamin Pollack filed a common law action against Norman Lyons, as administrator of the Estate of Joseph Ernest Jacobson, deceased. He demanded a jury trial and judgment for his alleged dámages in the amount of $31,750.00. Ultimately, Lyons filed an answer, as the administrator, denying the allegations of the complaint and asserting an affirmative defense.
A motion to substitute parties defendant was then filed reciting that a will had been found and that Nathan Dubler and Edith R. Korn had been appointed co-executors of the Estate of Jacobson. On February 17, 1969, an order was entered substituting Korn and Dubler as parties defendant and allowing them 20 days to answer after service of a copy of the plaintiffs complaint.. Later, their attorney filed a motion to dismiss the plaintiff’s complaint. On April 30, the trial court entered an order granting the plaintiff 20 days from that date to file an amended complaint. This order did not dismiss the original complaint, however, or make any other adjudication.
On May 21, 1969 (the 21st day) a “motion for default and an order entering default” were presented to and signed by the trial judge. This single page paper was filed in the Clerk’s office on May 22, 1969 at 10:21 A.M. and an order dismissing the cause with prejudice was filed in the Clerk’s office at 10:20 A.M. No notice was given to plaintiff of any of these proceedings.
Pollack had filed his amended complaint, however, in the Clerk’s office at 9:18 A.M. on May 22, 1969, and certified that a copy had been mailed to the attorneys for the defendant on May 21, 1969. He again sought $31,750 for his alleged damages. On May 26, 1969, Pollack filed a motion to set aside the default and the order of dismissal which were both denied. Plaintiff then moved for a rehearing which was also denied. He has appealed.
The plaintiff relies on Rule 1.500(b) and (c), R.C.P., 31 F.S.A., which provides:
“(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the Court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
“(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered.”
We do not deem it necessary to pass on the question of whether the court should have proceeded under Rule 1.500(b) and (c), R.C.P., or under Rule 1.420(b), R.C.P., 30 F.S.A., nor any of the various other errors committed in the progress and appeal of this cause.
We simply hold that under these circumstances the trial judge abused his discretion in not setting aside the order of default. See North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Gordon v. Vaughan, Fla.App.1967, 193 So.2d 474; and Florida Investment Enterprises, *558 Inc. v. Kentucky Co., Fla.App.1964, 160 So.2d 733.
The order of default is vacated and the order of dismissal is therefore reversed and this cause is remanded for further proceedings consistent herewith.