289 So.2d 744 (1974)
MO-CON PROPERTIES, INc., Appellant,
v.
AMERICAN MECHANICAL, INC., a Florida Corporation, Appellee.
No. 73-1310.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Michael N. Gomes, of Weck & Stone, Pompano Beach, for appellant.
Milton A. Fried, Miami, for appellee.
OWEN, Chief Judge.
A final judgment of foreclosure was entered by the court after a default judgment had been entered by the clerk under Rule 1.500(a), RCP, 31 F.S.A. Defendant-appellant's timely motion to vacate the default *745 and final judgment was denied, resulting in this appeal.
Process was served on appellant's resident agent on October 9, 1973. On October 29th, appellant's attorneys served upon appellee's counsel by mail copy of a motion, mailing the original to the clerk of the court for filing. On the following day the original of this motion was received in the clerk's office and filed at 3:17 P.M. Unfortunately, at 11:27 A.M. that day, plaintiff had filed a motion for default against appellant for its "... failure to file or serve any responsive pleading within the time permitted by law," and the clerk had entered a default judgment at that time. By 1:00 P.M. that day, a final judgment had been entered and filed in the clerk's office.
The clerk is authorized to enter a default under Rule 1.500(a), RCP only when a party against whom affirmative relief is sought has failed to file or serve any paper in the action. At the time the default was entered on October 30th, appellant had served a paper, and thus the entry of the default by the clerk was erroneous. Entry of the final judgment of foreclosure based upon such default judgment was likewise erroneous. When the matter was called to the court's attention by motion to vacate filed less than a week later the court erred by not vacating the default and final judgment.
Appellant's motion to vacate the default and final judgment did not assert that it had a meritorious defense to the suit and appellee contends, upon the authority of Empire Electric Company v. R.J. Hunt Construction Company, Inc., Fla. App. 1972, 264 So.2d 114, and Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107, that this failure was fatal to the motion. The cited cases are inapposite here because the default was not entered due to the defendant's failure to comply with the rules, but was entered erroneously by the clerk at a time when the defendant had, in fact, served a paper in the cause. The distinction is thus made between on the one hand asking the court to exercise its sound judicial discretion to set aside a default judgment properly entered, and on the other hand seeking a court order to set aside a default judgment erroneously entered.
As a caveat, we note that our decision here does not reach the question of whether the substantive nature of the motion which appellant filed was sufficient to have prevented the court from entering a default after notice, pursuant to Rule 1.500(b), RCP. We simply hold that when a party has served any paper in the action, a default entered by the clerk under Rule 1.500(a), RCP is erroneous and upon timely application by such party, the default and any final judgment consequent thereon should be set aside.
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.