296 So.2d 570 (1974)
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,
v.
PUBLISHER'S VENDING SERVICES, INC., A/k/A Publisher's Vending Service, Inc., Appellee.
No. 74-221.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Rehearing Denied July 18, 1974.
*571 Smathers & Thompson and Jose R. Garcia-Pedrosa, Miami, for appellant.
Sandler & Sandler, Nelson & Payton and Arthur S. Weitzner, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an interlocutory appeal taken by the garnishee in the trial court from an order denying its motion to set aside a default judgment. We reverse.
On November 27, 1973, the appellant was served with a writ of garnishment by the appellee at its Miami office. The writ was for any debts owed by the appellant to the defendant, A.P. McCorkle.
On December 18, 1973, 21 days later and one day late as provided by Fla. Stat. § 77.04, F.S.A., the appellant mailed an answer to the writ to the plaintiff's attorney and to the Clerk of the Dade County Circuit Court. The answer was served by appellant's New York counsel, Mr. John R. Cummings.
By affidavit, which was before the trial judge when he ruled upon the motion to set aside the default, Cummings stated that prior to mailing the answer on December 18, he had a conversation with Mr. Steven Kress of the law firm of Sandler & Sandler in Miami, which at the time was representing the appellee.
Cummings stated that he informed Kress he was prepared to answer the writ of garnishment "almost immediately" and requested to know if an extension of time would be acceptable. He stated that Kress' response was in the form of question inquiring why Merrill Lynch did not retain a Florida lawyer to answer the writ, and further stating that he would only speak to a Florida attorney regarding the garnishment proceeding.
Cummings then telephoned the office of the Dade County Clerk of the Circuit Court, and learned that his answer could still be filed and could be filed by mail. In addition, he was informed that a non-Florida lawyer could complete the answer.
On December 19, 1973, plaintiff's counsel had the clerk enter a default against the garnishee pursuant to RCP 1.500(a), 31 F.S.A., and on the same day submitted to the court a motion for final judgment on the default, which was entered and recorded.
Thereafter, on December 28, 1973 the answer was received by the Clerk of the Circuit Court. On January 4, 1974, a writ of execution issued, and on January 11, 1974 three sheriff's deputies entered Merrill Lynch's Miami office, threatening to levy upon the garnishee's physical properties therein. Under these circumstances, the appellant tendered a check under protest in the sum of $3,452.94 to the sheriff.
The appellant has presented three points on appeal challenging the failure of the trial court to set aside the default *572 judgment. For purposes of our determination of this case, we have considered all three points as one. It is our conclusion that under the facts of the cause sub judice, the trial court abused his discretion by denying the motion to set aside the default judgment entered against the garnishee.
Rule 1.500(a) provides for the entry of a default by the clerk, a purely ministerial act, where a party has failed to file or serve any paper in the action. Rule 1.500(a) permits a party to plead at any time prior to the entry of a default, which was done in the instant case. Rule 1.080(b), 30 F.S.A., provides, "... Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address ..." [Emphasis supplied.]
From a reading of these procedural rules, it is apparent that at the time the appellee caused a default judgment to be entered an answer had been served by mail; therefore, the trial court should have set aside the default judgment previously entered. See, Mo-Con Properties, Inc. v. American Mechanical, Inc., Fla.App. 1974, 289 So.2d 744; Pollack v. Korn, Fla.App. 1970, 237 So.2d 556; Gilmer v. Rubin, Fla.App. 1957, 98 So.2d 367; Pan American World Airways v. Gregory, Fla.App. 1957, 96 So.2d 669.
The purpose of a default judgment is to prevent a defendant from employing dilatory tactics during the pendency of a case; it is not intended to relieve the plaintiff of the burden of contesting his claim against the defendant or to afford any advantage to the plaintiff against any defense which the defendant may raise. Coggin v. Brafield, Fla. 1942, 150 Fla. 551, 8 So.2d 9; North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Gordon v. Vaughan, Fla.App. 1967, 193 So.2d 474.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed and the default judgment entered against the garnishee is set aside. The cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.