## MASSEY v. WILLIAMS.

No. 5561.

Circuit Court, Lake County.

May 12, 1975.

Ronald J. Langa of Maher & Overchuck, Orlando, for the plaintiff.

W. TROY HALL, Jr., Circuit Judge.

### History of the case

*Final judgment:* This action arose as a result of an automobile/pedestrian accident which occurred on December 25, 1969, wherein the automobile was driven by Curtis James Williams, a negro male then 26 years of age. The automobile was a 1963 Plymouth sedan, registered in the state of Florida in the name of Curtis James Williams. The pedestrian involved in the accident was a four year old negro male named Willie Paul Bessent. The accident occurred in Groveland, Lake County on Gadsen Avenue. It was approximately 12 noon when the vehicle driven by Williams was traveling in a northerly direction on Gadsen Avenue at a high rate of speed. The pedestrian was standing on the east shoulder of Gadsen Avenue, and was struck by the vehicle driven by Williams, thrusting him one hundred twenty feet from the point of impact. During part of this distance he became affixed to the right front of the vehicle by the sheer force of the impact. The vehicle left one hundred thirteen feet of skid marks after the impact. The accident was witnessed by the mother of the pedestrian, Annie L. Massey, now using her maiden name of Annie L. Bessent. The pedestrian, Willie Paul Bessent, was taken to South Lake Memorial Hospital where he was pronounced dead on arrival.

An action was originally filed in the circuit court of Lake County on April 7, 1970. The named defendants were Curtis James Williams and Liberty Mutual Insurance Company. The complaint was later amended to include the defendant, Axel Olivenbaum d/b/a Olivenbaum Insurance Agency. The defendant, Liberty Mutual Insurance Company moved for a summary judgment based on the fact that the policy issued to Curtis James Williams was a clerical error and should have been issued to Curtis Williams of Clermont, insuring a 1963 Cadillac as opposed to a 1963 Plymouth, the vehicle involved in this action. A summary judgment was granted by an order dated November 9, 1971.

Thereafter, the complaint was amended again to include only Axel Olivenbaum d/b/a Olivenbaum Insurance Agency and Curtis James Williams. An amicable settlement with Axel Olivenbaum d/b/a Olivenbaum Insurance Agency was agreed upon, in the amount of $1,500, and following this a voluntary dismissal was taken against Axel Olivenbaum d/b/a Olivenbaum Insurance Agency only, and not against Curtis James Williams.

The defendant Williams failed to answer the complaint and failed to serve any responsive pleadings whatsoever. A motion for entry of a default judgment originally filed on August 22, 1973 was called up for hearing before the court on April 25, 1975. Present at the hearing were — Annie L. Bessent, the plaintiff; Curtis James Williams, the defendant; and Ronald J. Langa, Esq., attorney for the plaintiff. The defendant sought to represent himself after being advised of his rights.

### Plaintiff's theory of the case

It was the plaintiff's theory of the case that on December 25, 1969, at approximately 12 noon, the defendant, Curtis James Williams, was traveling in a northerly direction on Gadsen Avenue in Groveland at a high rate of speed, and while driving in a reckless and careless manner struck and killed the four-year-old decedent herein, Willie Paul Bessent, who was standing on the east shoulder of Gadsen Avenue at the time of impact. Further, it was the position of the plaintiff that the traumatic accident and death was witnessed by the mother of the decedent, Annie L. Bessent. In addition, the plaintiff sought a default judgment against the defendant, Curtis James Williams, as a matter of law whereas the defendant had filed no responsive pleadings whatsoever, and stood mute during the entire time this action had been commenced before the court. Further, the plaintiff requests this court to be allowed to prove the damages of the plaintiff, Annie L. Bessent, and requests the court to enter a judgment thereon.

## Defendant's theory of the case

The defendant Williams admitted that throughout the action he had proper service and notice of all complaints filed against him, and proper notice of all hearings held. The defendant was present at the hearing on April 25, 1975, and was not represented by an attorney, although he was advised by the court that he had a right to an attorney should he so desire. The defendant stated he could not afford an attorney, and being fully advised, wished to represent himself. It was the position of the defendant that he has offered assistance to the plaintiff, Annie L. Bessent, on more than one occasion since the accident of December 25, 1969. Said assistance was not offered directly to the plaintiff, but to her mother, and to Robert Massey, the male then living with the plaintiff. The defendant further advised that the plaintiff refused to talk directly with him. The defendant did not deny any of the alleged facts of the accident, which were stated at the hearing by the counsel for the plaintiff in his opening statement, and wished to advise the court that there was no dispute as to how the accident occurred. The defendant then reiterated that he wished only to help the plaintiff, Annie L. Bessent, mother of the deceased and plaintiff in this action.

Is the plaintiff as a matter of law entitled to a default judgment against a defendant who after proper service of all pleadings and notice of all hearings failed to file any responsive pleadings whatsoever and stood mute?

## Conclusions of the court

It is the conclusion of the court that there are no material disputed factual issues, and that the defendant has had every opportunity to defend himself in this action. It is further the conclusion that this court has proper jurisdiction over the defendant, that the defendant has failed to file any responsive pleadings, and that the defendant is not currently on active duty in the military service. Further, it is the conclusion of this court that the plaintiff has filed a wrongful death action under provisions of §768.03, Florida Statutes, for the wrongful death of her child on December 25, 1969, that the plaintiff obtained proper service on the defendant, and that the defendant had notice of all said hearings, to and including the hearing of April 25, 1975, and that the defendant was present at said hearing and was given an opportunity to be heard.

## Opinion of the court

It is the opinion of the court that default and final judgment are governed by provisions of Rule 1.500, F.R.C.P., which were revised

in 1967, and patterned after Federal Rule 65. Paragraph 5 of this rule allows the court to enter a default judgment — "against a party from whom affirmative relief is sought when that party has failed to plead or otherwise defend the action". It is quite clear that the court should enter a default judgment as a matter of right and law when the defendant has failed to file any responsive pleadings, and as a consequence the defendant who causes said default to be entered against him without responding to the plaintiff's initial pleading can only be said to have admitted well-plead facts and to have acquiesced in the relief prayed for, Williams v. Williams, 227 So.2d 746 (1969). It is the purpose of the default judgment to speed the cause by preventing a dilatory defendant from impeding the plaintiff in the establishment of his claim, Coggin v. Barfield, 8 So.2d 9 (1942), Merrill Lynch v. Publishers Vending Services, 296 So.2d 570 (1974).

Further, although a defendant in default is not entitled to notice in a suit seeking money damages, Stevenson v. Arnold, 250 So.2d 270 (1971), the court in its discretion has allowed the defendant to make his appearance and to review the proceedings of the default and the final judgment, having advised him of the consequences of the proceedings.

### Order of the court

The court finds that the plaintiff, Annie L. Bessent, is entitled to a default judgment against the defendant Curtis James Williams, as a matter of right and law, the defendant having failed to show unto the court any reason why a default should not be entered against him.

The court finds that after considerig the testimony of the plaintiff, Annie L. Bessent, the testimony of the defendant, Curtis James Williams, the pleadings, the case law on the wrongful death of minor children, the mortality tables set out in Florida Statutes for a 26-year-old mother and a four-year-old male, and all other documents filed in this case, a judgment in the amount of $75,000 should be and is hereby entered against the defendant, Curtis James Williams, for and in behalf of Annie L. Bessent.

Any costs and attorney's fees incurred in this action will be borne by the plaintiff and the attorney for the plaintiff.