PER CURIAM.
Appellant seeks review of an order denying his motion to set aside a default contending the default was erroneously entered since his answer had been served prior to entry of the default. Appellant relies upon Mon-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974); Merrill Lynch, Pierce, Fenner & Smith, Inc., 296 So.2d 570 (Fla. 3d DCA 1974), cert. denied, 305 So.2d 208 (Fla.1974); and Willyerd v. Anderson, 312 So.2d 504 (Fla. 4th DCA 1975). Although it is conceded that appellant’s answer was served by mail prior to entry of the default by the clerk pursuant to Fla.R.Civ.P. 1.500(a), the trial court properly denied appellant’s motion to set aside the default since a final judgment had been entered before appellant moved to set aside the default and appellant’s motion did not seek to set aside the final judgment previously entered. Once the final judgment had been entered upon the default, appellant should have sought to have the final judgment and default set aside by a motion pursuant to Fla.R.Civ.P. 1.540(b), or the court, under Fla.R.Civ.P. 1.500(d), could have granted relief upon its own motion.
The order denying the motion to set aside the default is AFFIRMED.
McCORD, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.