404 So.2d 807 (1981)
Sol W. MEYERSON and Bernice Ann Meyerson, His Wife, Appellants,
v.
Lynne K. BLOCK, Appellee.
No. 81-402.
District Court of Appeal of Florida, Third District.
October 7, 1981.
Greene & Cooper and Sharon L. Wolfe, Miami, for appellants.
Robert A. Glassman, Miami, for appellee.
Before HENDRY and NESBITT, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a final judgment of partition and sale of the Meyersons' property. We reverse.
Block filed a complaint for partition alleging she was the fee simple owner of an undivided one-half (1/2) interest in certain property, which she allegedly acquired by warranty deed.[1] The deed listed Sol W. Meyerson and Bernice Ann Meyerson, his wife, as grantors and Lynne K. Block as grantee. The deed was signed by Sol, but not by Bernice.
The complaint was served on the Meyersons on November 19, 1980. On December 8, 1980, nineteen days later, the Meyersons' attorney served, by mail, an answer on opposing counsel. The next day, Block filed a motion for default. The clerk entered a default on December 11, 1980, for "failure to serve or file any pleading." The Meyersons' answer was filed in the clerk's office on December 12, 1980. On December 18, 1980, Block filed a motion for default judgment and served a copy of a notice of hearing on the motion on the Meyersons. This was the first notice the Meyersons had that a default had been entered against them; they promptly moved to set aside the default. After a hearing, the trial court denied the motion and ultimately entered the final judgment which is the subject of this appeal.
Florida Rule of Civil Procedure 1.500(a) provides:
"When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper." (emphasis supplied).
The Meyersons' answer was accompanied by a certificate of service stating the answer had been served by mail on December 8, 1980. Since service was complete upon mailing, Fla.R.Civ.P. 1.080(b), at the time the clerk entered the default against the Meyersons on December 11, the Meyersons *808 had served a paper, and the clerk's entry of the default against them was improper. Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Publisher's Vending Services, Inc., 296 So.2d 570 (Fla.3d DCA 1974); Pan American World Airways v. Gregory, 96 So.2d 669 (Fla.3d DCA 1957).
Block asserts, however, that in considering whether to set aside the default or enter a default judgment, the trial court could have based on the conflicting affidavits,[2] resolved the factual issue against the Meyersons and found that no answer had been served prior to the default being entered. We reject Block's argument, because it misperceives the trial court's role in considering a motion to set aside a default entered by the clerk.[3] As our sibling court noted in Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744, 745 (Fla. 4th DCA 1974), there is a distinction between asking the court to exercise its sound judicial discretion to set aside a default properly entered and seeking a court order to set aside a default improperly entered.
Since the default was, without question, improperly entered,[4] the trial court erred in failing to set it aside. Mo-Con Properties, Inc. v. American Mechanical, Inc., supra. Therefore, we vacate the default and the consequent default judgment and the sale of the Meyersons' property.
NOTES
[1] A copy of the deed was not attached to the complaint. After the Meyersons filed an answer, which contained a motion for judgment on the pleadings based on, inter alia, the failure to attach the deed, see Fla.R.Civ.P. 1.130(b), Block filed a copy of the deed.
[2] The affidavit by the Meyersons' attorney states that "on the day for filing an Answer and defenses," the attorney spoke with Block's attorney, who "readily agreed" to service and filing of the answer by mail. The Meyersons' attorney "then and there mailed the original of the defenses to the Clerk of the Court and the copy to [Block's attorney]." The affidavit by Block's attorney asserts an entirely different version of the telephone conversation. His affidavit states that upon expiration of the twenty-day period for filing an answer, he filed a motion for default. Approximately two days after that, the Meyersons' attorney phoned him, the conversation lasted "approximately ten (10) seconds," the Meyersons' attorney indicated he was filing an answer, and that "he [Block's counsel] did not agree to anything." Both parties apparently were mistaken about when the twenty-day period expired. The answer could have been filed or served as late as December 9. Thus, a motion for default would not have been proper until December 10. As noted, supra, the Meyersons served an answer on December 8, and Block filed a motion for default on December 9.
[3] We are not dealing with a default entered by the court pursuant to Florida Rule of Civil Procedure 1.500(b).
[4] The only factual issue the trial court resolves in deciding if the default was improperly entered is whether there exists evidence that should have prevented the clerk from entering the default. The clerk has no discretion in entering the default. If there is competent evidence that the pleading has been served, the clerk may not enter the default, because the clerk may not resolve a factual issue. However, in this case, since the answer was served by mail, the clerk could not be aware that the answer had, indeed, been served. Prudent counsel could avoid the entire problem, including the expense of having the default set aside, which in this case includes the expense of an appeal by filing as well as serving the answer within twenty days.