435 So.2d 347 (1983)
Maria I. SANCHEZ, Appellant,
v.
Rogelio SANCHEZ, Appellee.
No. 82-2055.
District Court of Appeal of Florida, Third District.
July 26, 1983.
*348 Mascaro & Peppler and Charles Peppler, Miami, for appellant.
Hersh & Bernstein and Brian Hersh, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
*349 NESBITT, Judge.
Maria Sanchez seeks reversal of an order requiring her to pay $50 in attorney's fees to her former husband for his counsel's services in correcting a scrivener's error in a final judgment. We have jurisdiction. Fla. R.App.P. 9.130(a)(4).
Following the presentation of testimony in a contested dissolution proceeding, the trial judge dictated his rulings into the transcript. Among other matters, the court ordered the husband to pay rehabilitative alimony to the wife in the sum of $100 per month for a period of one year. The trial judge then entered a written final judgment which mistakenly recited that the husband was to pay the wife $100 per week. When the husband's counsel became aware of the mistake, he consulted with the wife's counsel in an attempt to correct the final judgment through an agreed order. Cooperation was refused. The husband was then forced to file a motion to amend the judgment as authorized by Florida Rule of Civil Procedure 1.530(g). After notice and hearing, an amended final judgment in conformity with the trial court's oral pronouncement was entered. In the same order, the trial court also found and held:
As the Respondent/Wife refused to correct this matter when brought to her attention, the Petitioner/Husband is awarded attorney's fees in the amount of $50.00.
On appeal, it is contended that the award of attorney's fees was erroneous because the wife's actions, through her counsel, were precisely those prescribed and authorized by the Florida Rules of Civil Procedure. Although the rules do provide a vehicle for correcting an erroneously transcribed judgment, they do not mandate that all common sense and common courtesy be cast aside in order that the rules be the first resort each time parties must deal with each other.[1] Given that, it is undisputed here, as apparently it was in the trial court, that the final judgment simply contained a scrivener's error, the wife's counsel obviously has misconceived not only the purpose of the Florida Rules of Civil Procedure, but his proper relationship to his client, opposing counsel, and the court as well.
An attorney has a responsibility to represent his client zealously within the bounds of the law. Fla.Bar Code Prof. Resp., Canon 7. He cannot, however, take action on behalf of his client that he knows will merely serve to harass his opponent, Fla.Bar Code Prof.Resp., D.R. 7-102(A)(1), nor advance a defense that is unwarranted under existing law and unsupported by good faith argument for change in the law. Fla.Bar Code Prof.Resp., D.R. 7-102(A)(2). Moreover, a lawyer should be courteous to and accede to the reasonable requests of his opposing counsel regarding matters which will not prejudice the rights of his client. Fla.Bar Code Prof.Resp., E.C. 7-38. The proper functioning of the adversary system depends upon cooperation between lawyers and tribunals in utilizing procedures which will make the decisional process prompt and just without impinging upon the obligation of zealous representation. Fla.Bar Code Prof.Resp., E.C. 7-39.
In the present case, no petition or motion was filed in the trial court to challenge the propriety of either the original oral order setting alimony or that proposed by the motion to correct the judgment nor, significantly, was any appeal taken from the judgment as corrected. The $100 per month award never being subject to substantive attack, its proper recordation in the judgment could not have resulted in any prejudice to the wife. Rectifying the judgment was, therefore, a mere procedural automatism which could have been completed without ever consulting her. See generally, 7 Am.Jur.2d Attorneys at Law § 150 (1980). Even if the wife was consulted on this matter and expressed a desire to litigiously harass her husband for her own personal satisfaction, it would have been *350 unethical for her attorney to do aught but refuse such a request. Any persistence on the part of the wife in this regard should have been met with a motion for leave to withdraw from further representation. See the discussion in Carr v. State, 180 So.2d 381, 382 (Fla. 1st DCA 1965).
Because the wife's attorney could not properly have proceeded along his wasteful course at the wife's direction, we hold, as a matter of law, that he was acting upon his own interests when he made necessary the totally unnecessary consumption of judicial effort involved in correcting the written judgment. As a consequence, the wife's attorney himself became liable for the husband's attorney's fees. United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567 (1920). Further, since this appeal was precipitated by the same irresponsible actions, the wife's counsel must bear the husband's appellate attorney's fees as well. Pittman, supra. In so decreeing we are not unaware of the general rule that attorney's fees may not be awarded against a party in the absence of a valid statute or contractual provision nor against a fund unless created or brought into court by an attorney, Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla. 1976); Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); but see Howard v. Crawford and Co., 384 So.2d 1326 (Fla. 1st DCA 1980) (attorneys' fees incurred in suit against third party are recoverable as damages in action for fraud and deceit where such fees were necessarily paid in other suit to correct the result of the fraud and deceit), but observe that such an award may be proper against an attorney as an exercise of the inherent power possessed by the courts. Coburn v. Domanosky, 257 Pa.Super. 474, 390 A.2d 1335 (1978). See generally, Anderson v. State, 267 So.2d 8, 9-10 (Fla. 1972); Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089, 1091 (Fla. 3d DCA 1979); The Miami Herald Publishing Co. v. Collazo, 329 So.2d 333, 336 (Fla. 3d DCA), cert. denied, 342 So.2d 1100 (1976); 13 Fla.Jur.2d Courts and Judges § 15 (1979).
For the above reasons, we modify the award of attorney's fees against the wife and direct that it be imposed instead upon her counsel and we assess the husband's appellate attorney's fees in the amount of $1,000 also against the wife's counsel.
As modified, the order appealed is affirmed.
NOTES
[1] As a simplistic example, the Florida Rules of Civil Procedure obviously authorize the filing of a complaint, but they do not require people to do so whenever they become involved in a dispute.