DAVIS, S. JOSEPH, Jr., Associate Judge.
This is an appeal from a final order of forfeiture of a motor vehicle under the provision of section 932.704, Florida Statutes (1981).
The appellee Sheriff of Marion County, on December 17, 1982, filed a complaint requesting the trial court to issue a rule to show cause why a 1979 Ford Thunderbird automobile should not be forfeited to the Appellee. The complaint alleged the auto *1272 mobile was used as an instrumentality in a kidnapping and aggravated assault. An affidavit in support of the complaint asserted that appellant Gay, while occupying the described vehicle in Marion County forced one James Dye at gun point to return to Sumter County where he was chained to a tree, beaten and robbed.
Notice of forfeiture proceedings pursuant to section 932.704(2), Florida Statutes (1981) was published in the Ocala Star Banner and mailed to appellant Gay, advising that appellee would appear before the trial judge on February 2, 1983, for the purpose of filing a rule to show cause why the vehicle should not be forfeited upon proof that it was used in violation of Florida laws dealing with contraband.
A hearing was held on February 2, 1983, at which no one appeared or filed responsive pleadings on behalf of the appellant. On February 4, 1983, the trial court entered final order of property forfeiture finding that (1) the vehicle was used in violation of the forfeiture provisions of section 932.704, Florida Statutes (1981), and (2) proper notice pursuant to section 932.-704(2), Florida Statutes (1981) was given to appellant and all others claiming an interest in the property and that neither the appellant nor any other claimant appeared to assert a claim or interest in the vehicle; and then entered a default against all parties claiming an interest in the automobile and forfeited it to appellee.
On March 1, 1983, appellant filed a motion to set aside the order of forfeiture claiming it was void because (1) no order on the rule to show cause was issued, (2) of misrepresentation in the appellee's affidavit supporting forfeiture, (3) a valid defense existed, and (4) of excusable neglect in responding to complaint and notice. Attached to the motion was a proper answer denying that the vehicle was used in violation of the forfeiture statute. The court denied this motion.
Appellant received the complaint and notice while he was in jail under $500,000 bond on various criminal charges. According to appellant’s testimony, he assumed these papers related to the criminal charges pending against him and that his attorneys had received copies which were filed by him with 300 to 400 sheets of other papers in his possession at the jail relating to the pending criminal charges.
The appellant now asserts the default should be set aside because (1) he had a meritorious defense and excusable neglect; (2) there was misrepresentation in the appellee's affidavit. As to the second point, the affidavit contained apparent hearsay but no fraud or misrepresentation is shown because the affiant qualified his statement by stating “... the information contained within this affidavit is either known by the undersigned or is based upon the undersigned’s investigation and supported by evidence addressed during such investigation.” It is obvious from the affidavit that the affiant obtained the information as to use of the vehicle from a source other than first hand knowledge.
A trial court may properly grant a motion to vacate a default judgment where the movant establishes a meritorious defense and legal excuse for failure to comply with Fla.R.Civ.P. 1.500(b). An absence of either precludes the setting aside of the default judgment. L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); T.P.M. Constructors, Inc. v. Twin Coast Title, Inc., 425 So.2d 580 (Fla. 5th DCA 1982), rev. denied, 434 So.2d 889 (Fla.1983). A showing of gross abuse of discretion is necessary on appeal to justify reversal of a lower court’s ruling on a motion to vacate a default judgment. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla.1977); L.B.T.; T.P.M.
Appellant’s answer denying the allegation that the car was involved in the criminal activity and the record showing appellant may have had two similar vehicles and that the Sheriff had seized the wrong one established a meritorious defense. The remaining question then is whether appellant’s negligence in taking no action on the forfeiture papers which were *1273 delivered to him in jail constitutes excusable neglect.
The role of the appellate court in determining whether the trial court erred in ruling on a motion to vacate was stated by the Second District in Garcia Ins. Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977), as follows:
Our task is to successfully combine two deeply-held propositions under Florida law: That there exists a “long-standing policy of liberality towards vacating of defaults” — North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962); and, that “a showing of gross abuse of a trial court’s discretion is necessary on appeal to justify reversal of the lower court’s ruling on a motion to vacate [a default].”
See also B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981).
In the instant case, excusable neglect can be seen in appellant’s confusion over the forfeiture documents. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Renuart-Bailey-Cheely Lumber and Supply Co. v. Hall, 264 So.2d 84 (Fla. 3d DCA 1972). Since the forfeiture relates to the criminal charges, it can easily be seen that confusion would arise. Appellant’s misapprehension is akin to that one misplacing a document, which has been held to be sufficient to allow for excusable neglect. These factors, combined with the fact that appellant acted diligently in moving to vacate the default when he found out about it and his presentation of a meritorious defense lead to the conclusion that the trial court abused its discretion, and that the order denying the motion to vacate should be reversed.
Even if the trial court did not abuse its discretion, it should not have entered the default and final judgment, because the appellant did not fail to comply with Fla.R. Civ.P. 1.500(b) in that he was not required to plead or defend by Florida Rules of Civil Procedure, statute, or order of court. In reaching this conclusion, we must examine the procedural requirements of section 932.704, Florida Statutes (1981), which heretofore have been unclear, but have now been clarified by recent appellate decisions.
This court in the case In Re: Forfeiture of One 1976 Chev. Corvette, 442 So.2d 307 (Fla. 5th DCA 1983), adopted detailed procedures for forfeiture actions which were enumerated in two cases, In Re: Forfeiture of United States Currency in the Amount of $5,300, 429 So.2d 800 (Fla. 4th DCA 1983), and In Re: Forfeiture of Appx. $48,900 in U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983).
In the case of In Re: Forefeiture of United States Currency in the Amount of $5,300, the court set out the following procedures for forfeiture actions:
[Fallowing all the statutory notice requirements, the seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony. The rule to show cause should be served on all persons claiming ownership as well as those claiming a security interest, along with a copy of the petition for rule to show cause. It should require those persons claiming an interest in the property to file a responsive pleading and to appear at time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit or deny or explain the petition’s material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(c) and (e). Failure to respond will entitle the seizing authority to default as provided by Florida Rule of Civil Procedure 1.500. It is at that time that the forfeiture hearing will take place with respective parties presenting their evidence in accordance with the is *1274 sues drawn by the pleadings with recognition of their respective burdens of proof, [emphasis supplied].
429 So.2d at 803.
The appellant was never served with a rule to show cause issued by the trial court nor afforded the opportunity to file responsive pleadings or appear and show cause why the vehicle should not be forfeited, and was therefore, denied procedural due process.
The judgment of forfeiture is reversed and this cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED
ORFINGER, C.J., and COWART, J., concur.