456 So.2d 535 (1984)
Kenneth C. GAVIN, Appellant,
v.
Mary GAVIN, Appellee.
No. AY-207.
District Court of Appeal of Florida, First District.
September 19, 1984.
*536 Bill A. Corbin, Blountstown, for appellant.
Raymond L. Syfrett, Panama City, for appellee.
SMITH, Judge.
This case involves one dispositive issue: Whether appellant is entitled to have the default and final judgment entered in this dissolution of marriage proceeding set aside because of premature entry of default by the clerk of the circuit court. We answer in the affirmative, and hold that appellant's Rule 1.540, Florida Rules of Civil Procedure, motion should have been granted.
Appellee filed a petition for dissolution of marriage, which was personally served upon appellant July 20, 1983. On August 9, 1983, the twentieth day after service, appellant's attorney prepared and, according to his certificate of service, mailed a copy of an answer and counter-petition to appellee's attorney, the original to the clerk of the circuit court. On August 10, 1983, appellee moved for entry of default by the clerk of the circuit court, Bay County. The clerk entered default against the appellant on the same date. On August 11, 1983, appellee appeared before the trial court and secured a final judgment against appellant, dissolving the marriage between the parties. On the same date, appellant's answer and counter-petition was received by U.S. Mail in the clerk's office. However, this pleading was returned to appellant's attorney by the clerk of court, pursuant to Rule 1.500(c), Florida Rules of Civil Procedure, *537 because default had previously been entered against the appellant.
On September 1, 1983, appellant's attorney requested that appellee and her attorney stipulate to setting aside the default and final judgment. When this request was refused, appellant filed a motion with the trial court pursuant to Rule 1.540, Florida Rules of Civil Procedure, to set aside the default and final judgment. As grounds for this motion, appellant alleged that the default and final judgment were both improperly entered since appellant had served his answer and counter-petition within the time allowed by rule and by the command of the summons. Appellant's motion was supported by a sworn statement that he had been duly served with process on July 20, 1983, that the summons stated that he had twenty days in which to answer, and that his answer and counter-petition had been served on appellee's attorney on August 9, 1983, by U.S. Mail, the twentieth day of the twenty-day time limit for response. Appellant also alleged that appellee had actual knowledge, several days prior to her application for default, that appellant was represented by counsel and that a response to her petition for dissolution of marriage was forthcoming.
After a hearing on appellant's motion to set aside default and final judgment held on February 8, 1984, the trial court entered an order denying appellant's motion. However, the court's order allowed appellant's answer and counter-petition to be filed with the court, and further indicated that the court would determine all issues raised in the appellant's answer and counter-petition except the dissolution of the parties' marriage. This appeal followed.
We first note what has been referred to as a "long standing policy of liberality toward the vacating of defaults." Northshore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962), quoted in Garcia Ins. Agency, Inc. v. Diaz, 351 So.2d 1137, 1138 (Fla. 2d DCA 1977); see also, Gay v. Moreland, 450 So.2d 1270 (Fla. 5th DCA 1984) (same). Rule 1.500(a), Florida Rules of Civil Procedure, provides:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper. (emphasis supplied)
Service by mail is considered complete on mailing. Rule 1.080(b), Florida Rules of Civil Procedure. The certificate of service is considered prima facie proof of service. Rule 1.080(f), Florida Rules of Civil Procedure. If a pleading containing a certificate of service is tendered for filing, the certificate is prima facie proof that service has been made effective as of the date of the certificate, even though a copy has not been received by the opposing party. Accordingly, in order to avoid entry of a default prematurely, at least five days should be allowed by the clerk for mail delivery after a return date, before default is entered. Trawick, Florida Practice and Procedure, § 25-2 (1983). Here, the certificate of service on appellant's answer and counter-petition states that service was furnished to appellee's attorney by U.S. Mail on August 9, 1983, which was the last day within the twenty day time period within which appellant's response was due. There was no proof below to rebut the presumption that service was effected as stated by the certificate.
This case is indistinguishable from Meyerson v. Block, 404 So.2d 807 (Fla. 3d DCA 1981). In Meyerson, according to the certificate of service, the defendant's attorney mailed his answer nineteen days after service of the complaint. The clerk, however, entered a default on the twenty-second day, and then received and filed the answer on the twenty-third day. The court in Meyerson held that since service was effective when mailed, that is, on the nineteenth day, the entry of default was improper. See also, Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Publishers Vending Services, Inc., 296 So.2d 570 (Fla. 3d DCA 1974), cert. den., 305 So.2d 208 (Fla. 1974); MoCon Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
*538 Accordingly, default was entered prematurely in the case at bar. In such circumstances, a defendant need not show either excusable neglect or a meritorious defense in order to have the default set aside. Hyman v. Canter, 389 So.2d 322, 323 (Fla. 3d DCA 1980); Turner v. Allen, 389 So.2d 686, 687 (Fla. 5th DCA 1980). Since the default was untimely entered, the entry of final judgment was improper, and should have been set aside by the court.
Appellee attempts to defend the trial court's ruling by arguing here that appellant's responsive pleading was not in fact timely served. In support of this argument, appellee has filed copies of the envelopes in which appellant mailed his responsive pleading to appellee's attorney and the clerk of the circuit court, respectively. Appellee points out that the postmark on each of these envelopes indicates a mailing date of August 10, 1983, one day after the date on which appellant's responsive pleading was due. Appellant responded to the evidence adduced by appellee in this court by filing an affidavit of a postal clerk employed in the Blountstown, Florida post office indicating that any mail deposited in that post office after 4:20 P.M. is postmarked the day following its actual receipt. Of course, we must reject the attempt by both counsel to present evidence in this court. We think, however, that the evidence attempted to be adduced by appellee here would be insufficient, even if accepted, to overcome the prima facie effect of the certificate of service found on appellant's answer and counter-petition.
Two further issues raised by the parties need to be only briefly addressed. First, appellant suggests that the final judgment entered on appellee's motion for default improperly bifurcated the proceedings below by dissolving the parties' marriage while concurrently reserving jurisdiction for all other matters, Claughton v. Claughton, 393 So.2d 1061 (Fla. 1981). As previously noted, in the trial court's order of March 6, 1984, denying appellant's motion to set aside default and final judgment, the court simultaneously reserved jurisdiction to determine all issues raised in appellant's answer and counter-petition, with the exception of the actual dissolution of the parties' marriage. The practical import of the trial court's order below was to grant appellant's motion to set aside default and final judgment as to some issues while at the same time denying the same as to others. However, we see no need to consider this irregular procedure because our action here in vacating the judgment because it was improperly entered renders the issue moot.
Finally, appellant has filed a petition with this court for attorney's fees, Rule 9.400, Florida Rules of Appellate Procedure. As grounds in support of his motion, appellant cites Sanchez v. Sanchez, 435 So.2d 347 (Fla. 3d DCA 1983). Appellant's reliance on Sanchez is misplaced. This issue here is not comparable to that in Sanchez, which involved a mere scrivener's error, but rather, involved a basic disagreement as to interpretation of the rules of procedure. We find no basis in the record indicating that appellee or her attorney were seeking merely to harass appellant when they refused to stipulate to setting aside the default judgment. Rather, we see their actions as motivated by a genuine belief that they had taken no improper action in securing the default. Moreover, we agree with the observation of our sister court in Meyerson, supra at 808, n. 4, that "[p]rudent counsel could [have avoided] the entire problem, including the expense of having the default set aside, which in this case includes the expense of an appeal by filing as well as serving the answer within twenty days." (emphasis in original).
The order denying motion to set aside the default and final judgment is reversed, and the trial court is ordered to vacate and set aside the final judgment dated August 11, 1983.
REVERSED and REMANDED with directions.
JOANOS and ZEHMER, JJ., concur.