GRIMES, Acting Chief Judge.
In this appeal the husband attacks the court’s refusal to set aside a default judgment entered against him in his wife’s divorce action.
The wife filed a petition for dissolution of marriage. She obtained service of process on her husband on April 23, 1984. On the wife’s motion, the clerk entered a default against the husband on May 15, 1984, because no response to the petition had been filed by that time. The wife took the case to final hearing before Judge Penick on May 18, 1984, without notice to the husband and obtained a final judgment on the same date.
On May 24, 1984, husband’s attorney filed a motion to set aside the default judgment asserting that he had mailed his answer to the clerk’s office on May 14, 1984, and had served a copy on the wife’s attor *260 ney by mail on the same day. The clerk’s file reflected that the husband’s answer was filed on May 17, 1984, and carried a certificate of service dated May 14, 1984.
The secretary for the husband’s attorney reserved time for a hearing on the motion to set aside the default judgment before Judge Penick on June 8, 1984, at 8:45 a.m. at the courthouse in Clearwater. Inadvertently, the notice of this motion recited that the hearing would be held before Judge Penick at the judicial building in St. Peters-burg. Consequently, the husband’s attorney was not in Judge Penick’s chambers in Clearwater at the time appointed for the hearing. However, the wife’s attorney knowing that Judge Penick usually sits in Clearwater was present for the hearing. When the husband’s attorney realized that he had gone to the wrong courthouse, he unsuccessfully tried to contact Judge Pen-ick. Later that day, he wrote the judge a letter apologizing for his mistake and pointing out that he had unsuccessfully sought to telephone him from St. Petersburg. On June 12, 1984, the court entered an order which, after reciting that evidence had been received at the hearing, denied the motion to set aside the default judgment.
On June 15,1984, the husband’s attorney filed an affidavit swearing that he had signed the certificate of service contained in the answer on May 14, 1984, and had delivered the original and the copy to his secretary for mailing on that date. He also explained in detail his abortive efforts to contact Judge Penick when he realized that he had appeared at the wrong courthouse. The attorney’s secretary also filed an affidavit swearing that on May 14, 1984 she had mailed the original of the answer to the clerk’s office and a copy of the answer to the wife’s attorney. She also explained that she had incorrectly noticed the hearing for St. Petersburg instead of Clearwater. The husband’s attorney also caused to be filed an affidavit of the secretary of Judge White who sits in St. Petersburg. She corroborated the husband’s attorney’s appearance in St. Petersburg for the hearing on June 8, 1984, and his attempts to reach Judge Penick by telephone.
The last day for the husband to respond to the complaint was May 14,1984. If the husband’s attorney mailed the answer to the wife’s attorney on that date, the husband was not in default because service by mail is complete upon mailing. Fla.R.Civ.P. 1.080(b). It matters not that when the default was entered on May 15, 1984, the answer had not yet been filed in the clerk’s office. Meyerson v. Block, 404 So.2d 807 (Fla. 3d DCA 1981). Pan American World Airways v. Gregory, 96 So.2d 669 (Fla. 3d DCA 1957). A certificate of service signed by an attorney should be taken as prima facie proof of service. Fla. R.Civ.P. 1.080(f).
Therefore, the default judgment can be sustained only if the husband’s attorney did not actually mail the answer to the wife’s attorney on May 14, 1984. While there is no transcript of the hearing on the motion to set aside the default judgment, we glean from the wife’s argument in this court that this is precisely the position taken by her attorney below. This is corroborated by the fact that on June 8, 1984, Judge Penick received into evidence an envelope engraved with the letterhead of the husband’s attorney and addressed to the wife’s attorney (which presumably contained the copy of the answer) bearing a postmark of May 17, 1984.
Without passing upon the vagaries of the postal service, we think it pertinent to note that the husband has never had a hearing on the merits of this issue. Admittedly, his attorney was at fault for failing to appear at the right courthouse. Yet, under the unusual circumstances of this case, we do not believe that the husband should be foreclosed from trying to show that he was never in default in the first place. Accordingly, we reverse the order denying the motion to set aside the default judgment and remand the case for a new hearing on that motion.
DANAHY and FRANK, JJ., concur.