## McHENRY v KLEMMER
### Case No. CO85-2928
County Court, Orange County

July 26, 1985

**APPEARANCES OF COUNSEL**

**Jay Rose,** Greater Legal Services of Miami, for defendants.

**Richard J. McHenry,** pro se.

**OPINION OF THE COURT**

JANIS MARY HALKER, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND FINAL JUDGMENT*

Plaintiff filed this action for possession of real property on July 8, 1985 and obtained service of process on July 12, 1985. On July 19, 1985 Defendants, through counsel, served an answer, affirmative defenses and counterclaim by mail. Defendants' pleading was received by the Clerk on July 22, 1985 and was filed at 11:57 A.M. However, on July 22, 1985 at 9:27 A.M. the Clerk had already entered a default against Defendants upon which a Final Judgment was entered and a Writ of Possession issued.

This action is governed by Chapter 51 of the Florida Statutes and by the Florida Rules of Civil Procedure. *Assured Realty v. Brown*, 48 Fla. Supp. 180 (Orange County 1978). Fla. Stat. 51.011(1) provides in part:

". . . All defenses of law or fact shall be contained in Defendant's answer *which shall be served* within 5 days after service of process. (Emphasis added)

Service is effective upon mailing. Rule 1.080(b), Fla. R. Civ. P. In *Gavin v. Gavin*, 456 So.2d 535 (Fla. 1st DCa 1984) Defendant's answer was mailed on the 20th day after service of the summons. On that day the clerk entered a default. The Court held that the default was prematurely entered and that the clerk should wait five days after the return date before entering a default. See also *Meyerson v. Block*, 404 So.2d 807 (Fla. 3d DCA 1981); *Mo-Con Properties, Inc. v. American Mechanical, Inc.*, 289 So.2d 744 (fla. 4th DCA 1974) and *Clark v. Clark*, 468 So.2d 259 (Fla. 2d DCA 1985).

IT IS THEREFORE,

ORDERED AND ADJUDGED that the default and Final Judgment entered herein on July 22, 1985 are vacated and set aside.