596 So.2d 1297 (1992)
BEZTAK CONSTRUCTION COMPANY, a Michigan corporation, and Beztak of Palmer Ranch Limited Partnership, a Michigan limited partnership, By and Through its authorized agent Wallace J. MacDonald, Appellants,
v.
KESLING CARPETS, INC., a DIVISION OF OLD MILL INDUSTRIES, INC., Appellee.
No. 91-02399.
District Court of Appeal of Florida, Second District.
May 1, 1992.
Deborah Marks, North Miami, and Krongold, Bass, Todd & Marks, P.A., Coral Gables, for appellants.
Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Palm Harbor, for appellee.
DANAHY, Judge.
The appellants appeal an order denying their motion to vacate a clerk's default and a final default judgment entered thereon ex parte. We reverse.
On March 26, 1991, a complaint by the appellee (Kesling) was served upon the registered agent of the appellants (Beztak). On April 16, 1991, twenty-one days after service, Beztak's attorney served by mail a notice of appearance and a motion for extension of time. On the same date, Kesling obtained the entry of a clerk's default against Beztak. Kesling then filed a motion for final default judgment. On April 19, 1991, the trial court entered a final default judgment ex parte. Two weeks later Beztak filed a motion to vacate the default and the final default judgment. Prior to the hearing on that motion, Beztak served an answer to Count 1 of the complaint with affirmative defenses and a motion to dismiss Count 2.
Florida Rule of Civil Procedure 1.500, dealing with defaults and final default judgments thereon, allows a clerk to enter a default when a party against whom affirmative relief is sought has failed "to file or serve" any paper in the action. On the day that the clerk's default was entered in this case, Beztak had served papers. Service by mail is complete upon mailing. Rule 1.080(b), Fla.R.Civ.P. Rule 1.500 does not contain the word "timely."
Accordingly, the entry of the default by the clerk was erroneous. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Publisher's Vending Services, Inc., 296 So.2d 570 (Fla. 3d DCA), cert. denied, 305 So.2d 208 (Fla. 1974); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974). Entry of the final default judgment based upon the clerk's default was likewise erroneous. When the matter was called to the trial court's attention by motion to vacate filed two weeks later, the trial court erred by not vacating the default and the final judgment.
*1298 Because a default was entered erroneously by the clerk at a time when Beztak had, in fact, served papers in the cause, there was no requirement that Beztak establish excusable neglect, a meritorious defense, or due diligence. Mo-Con Properties, Inc.
We recognize the rule announced by the supreme court in Picchi v. Barnett Bank, 521 So.2d 1090 (Fla. 1988), but believe that rule does not apply here.
For the reasons set forth in this opinion, we reverse and remand for further proceedings.
SCHOONOVER, C.J., and FRANK, J., concur.