THOMPSON, J.,
Elaine M. Brown appeals a final judgment of dissolution.
The clerk was not authorized to enter the default. Florida Rule of Civil Procedure 1.500(a) provides:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
*407 In Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980) this court stated:
If a party files pleadings as Turner did in this case (a motion to dismiss in response to the original complaint and a stipulation for withdrawal of counsel), Rule 1.500(a) is no longer applicable. The default entered by the clerk after the defendant had served and filed pleadings in the case was erroneous, and the court erred by not vacating the default and final judgment. Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
Accordingly, the default and the final judgment are VACATED.
W. SHARP, and PETERSON, JJ., concur.