PER CURIAM.
In this mortgage foreclosure action, Appellant challenges the trial court’s order denying his motion to set aside a default and a summary final judgment. The motion sought relief pursuant to rule 1.540(b), Florida Rules of Civil Procedure.
Appellee obtained from the clerk a default to which it was not entitled, see rule 1.500(a), Florida Rules of Civil Procedure, but never made any effort to set it aside. The default clouded matters and prejudiced Appellant’s rights to proper notice and evidentiary hearing. The trial court, therefore, erred in denying the motion to set aside the default and judgment. See Employers’ Fire Ins. Co. v. Department of Labor & Employment Sec., 629 So.2d 1118 (Fla. 1st DCA 1994) (citing Overholser v. Overstreet, 383 So.2d 953 (Fla. 3d DCA 1980); Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980)); Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Beztak Constr. Co. v. Resting Carpets, Inc., 596 So.2d 1297 (Fla. 2d DCA 1992); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974). Accordingly, the order denying the rule 1.540(b) motion is reversed, and the trial court is directed on remand to vacate and set aside the final judgment of foreclosure.
REVERSED and REMANDED.
BOOTH and BENTON, JJ„ and SHIVERS, DOUGLASS B., Senior Judge, CONCUR.