17 So.3d 897 (2009)
Joshua ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-1922.
District Court of Appeal of Florida, Fifth District.
September 18, 2009.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
MONACO, C.J., concurs and concurs specially with opinion.
MONACO, C.J., concurring.
I fully concur in the per curiam affirmance of this appeal. I write only to express my frustration with the rather evident lack of civility displayed by the lawyers in this case, and with my concern that despite the continued railings of this and other courts, some of the members of our Bar apparently don't get it. See, e.g., Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000); 5500 North Corp. v. Willis, 729 So.2d 508 (Fla. 5th DCA 1999); Sanchez v. Sanchez, 435 So.2d 347 (Fla. 3d DCA 1983). My sympathy lies with the trial judge who put up with the boorish behavior of these professionals in order to get this case to the jury. He exercised far more patience than I would have.
I hesitate to begin a list of the questionable behaviors engaged in during the evidentiary portion of the trial, but chief among them were personal sniping at opposing counsel and arguing with the rulings of the trial judge. The closing arguments of the two defense lawyers, for example, proved to be quite a challenge. By my count there were 12 objections by the State (the vast majority of which were sustained), requiring five separate bench conferences. Each bench conference required repeated admonitions by the trial judge to modulate voices downward. Most of the suspect bits of argument concerned misstatements of the *898 facts, misstatements of the law, or giving personal opinions, none of which are appropriate.
One cannot read the transcript without being saddened. These are obviously good lawyers and zealous advocates. The problem is that they have somehow mistaken a trial notice for a hunting license. This is not good for the profession and not good for the involved individuals.[1] I sincerely hope that these lawyers will be more circumspect in the future.
NOTES
[1] Appellate counsel in this cause were not the trial counsel to which I refer.