PER CURIAM.
In this appeal from a final judgment of foreclosure, appellant seeks reversal of the judgment on a number of grounds. Although we affirm due to the lack of proper preservation,' our affirmance is without prejudice to appellant filing in the trial court a motion seeking relief from judgment pursuant , to Florida Rule of Civil Procedure 1.540(b). See Torres v. One Stop Maint. & Mgmt., Inc., 178 So.3d 86 (Fla. 4th DCA 2015); Stephens v. Bank of N.Y., 765 So.2d 294 (Fla. 1st DCA 2000); Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); Straughn v. G.J.M., Inc., 372 So.2d 1163 (Fla. 1st DCA 1979). Appellant correctly notes that the clerk could not enter ’a default against her when she had filed a motion the previous day. See Stuart-Findlay v. Bank of Am., N. A., 183 So.3d 468, 471 (Fla. 4th DCA 2016) (holding that when a party has served any paper in the action, a default entered by the clerk .is erroneous and upon proper application by such party, the default and final judgmént consequent thereon should be set aside). In addition, appellant did not receive proper notice of hearing .pursuant to Florida Rule of Civil Procedure 1.440(c) where unliquidated damages in the form of attorney’s fees were awarded to appellee. See Ciprian-Escapa v. City of Orlando, 172 So.3d 485, 488 (Fla. 5th DCA 2015) (holding that a judgment rendered without a trial and without notice to the defaulting party is void as to any unliqui-dated damages and may b¿ collaterally attacked at any time); Asian Imports, Inc. v. Pepe, 633 So.2d 551, 553 (Fla. 1st DCA 1994) (holding that the defaulting mortgagor was entitled to a notice of hearing on the issue of attorney’s fees).
AFFIRMED.
THOMAS, WINOKUR, and JAY, JJ., concur.