NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

720 SOUTH HOWARD, LLC, and )
CHRISTOPHER B. SCOTT, )
)
      Appellants, )
)
v. )     Case No. 2D15-3897
)
GINA INVESTMENTS, LLC, and )
TIMOTHY R. MADDEN, )
)
      Appellees. )
_____)

Opinion filed October 14, 2016.

Appeal from the Circuit Court for
Hillsborough County; Rex M. Barbas and
Christopher C. Nash, Judges.

W. Bart Meacham, Tampa, for Appellants.

Elizabeth L. Hapner, Tampa, for Appellee
Gina Investments, LLC.

No appearance for Appellee Timothy R.
Madden.

SILBERMAN, Judge.

720 South Howard, LLC, and Christopher B. Scott (the Defendants)[1] appeal a default final judgment in the amount of $76,945 in this action on a promissory note in count one of the complaint (the only remaining count) in favor of Gina Investments, LLC. Because the trial court should have set aside the clerk's default upon which the default final judgment is based, we reverse and remand for further proceedings.

Gina Investments filed its complaint on the promissory note against the Defendants on December 16, 2013. On February 6, 2014, Gina filed a motion for clerk's default against the Defendants for failure to respond to the complaint within twenty days of service. See Fla. R. Civ. P. 1.500(a). On February 12, 2014, the Defendants filed a motion for extension of time to respond to the complaint. On that same day, after the Defendants' motion for extension of time had been filed and docketed, the clerk entered a default against the Defendants. Shortly thereafter, the Defendants filed a motion to vacate the default. The trial court subsequently denied the Defendants' motion with respect to count one and entered the default final judgment.

The rule on entry of a clerk's default provides that "[w]hen a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper." Fla. R. Civ. P. 1.500(a). The rule also provides that "[a] party may plead or otherwise defend at any time before default is entered." Fla. R. Civ. P.

---

[1]Timothy R. Madden was also named as a defendant, but Gina Investments never served process on him.

1.500(c). Here, the clerk's office did not timely act on the motion for clerk's default that Gina Investments filed on February 6, 2014. When the clerk's office entered the default on February 12, 2014, the Defendants had already filed a paper in the action. Thus, the clerk's office erroneously entered the default, and the trial court should have granted the Defendants' motion to vacate the default. See Beztak Constr. Co. v. Kesling Carpets, Inc., 596 So. 2d 1297, 1297 (Fla. 2d DCA 1992); Stuart-Findlay v. Bank of Am., Nat'l Ass'n, 183 So. 3d 468, 470 (Fla. 4th DCA 2016); Brown v. Brown, 730 So. 2d 406, 406-07 (Fla. 5th DCA 1999); Mo-Con Props., Inc. v. Am. Mech., Inc., 289 So. 2d 744, 745 (Fla. 4th DCA 1974). We recognize that the clerk's delay in entering the default effectively permitted the Defendants to file a paper after a default could properly have been entered. But in light of rule 1.500(c), a defendant is nevertheless entitled to plead or defend the action if it does so before the default is entered.

Therefore, we reverse the order denying the motion to set aside default and the default final judgment. We remand for further proceedings and direct the trial court to grant the Defendants' motion to vacate the clerk's default.

Reversed and remanded.

LUCAS and SALARIO, JJ., Concur.