# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2223
LT Case No. 2022-CC-1239-CR

_____

BOBBY CROCKER,

    Appellant,

    v.

JAMIE WALDRON,

    Appellee.

_____

On appeal from the County Court for Putnam County.
Dawn P. Fields, Judge.

Bobby Crocker, Interlachen, pro se.

No Appearance for Appellee.

November 15, 2024

PER CURIAM.

Bobby Crocker appeals, pro se, from a Final Judgment awarding his sister-in-law, Jamie Waldron, damages for the value of her fifth-wheel camper. Because his arguments on appeal are insufficiently developed to permit meaningful appellate review and they are not properly preserved for appeal, we affirm without reaching the merits. *See, e.g.*, *Fish v. Fla. Unemployment Appeals Comm'n/Koger Equity, Inc.*, 802 So. 2d 1201, 1201 (Fla. 1st DCA 2002).

AFFIRMED.

EISNAUGLE, and PRATT, JJ., concur.
WALLIS, J., concurs with opinion.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

WALLIS, J., concurs with opinion.

I fully concur in the majority opinion. I write separately to note that Crocker received the Final Judgment awarding Waldron $6,250.00 in damages one week after the trial court had orally granted his motion for judgment on the pleadings. Instead of filing a motion for rehearing or motion for relief from judgment to challenge the judgment, Crocker appealed. Although his appeal is unsuccessful for the reasons stated, I believe our affirmance is without prejudice to Crocker filing, in the trial court, a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4) or Florida Small Claims Rule 7.190(b)(4), if he can do so in good faith. *See Keeter v. Bank of N.Y. Mellon*, 194 So. 3d 469, 469 (Fla. 1st DCA 2016) ("Although we affirm due to the lack of proper preservation, our affirmance is without prejudice to appellant filing in the trial court a motion seeking relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)."); *Bank of N.Y. Mellon v. Reyes*, 126 So. 3d 304, 309 (Fla. 3d DCA 2013) ("Because the judgment below grants relief wholly outside the pleadings on which the default was entered, it is void and should have been vacated by the court below.").