DANAHY, Chief Judge.
In this review of an order denying a request for writ of mandamus directed to the Clerk of the Circuit Court, we address the question whether the clerk may properly enter a default on the twenty-first day following personal service of process on a party against whom affirmative relief is sought, when the clerk’s file reflects no timely response from that party.
The problem arises from the fact that a response must be served within twenty days after service of original process. Fla. R.Civ.P. 1.140. Service may be accomplished by mail and is deemed complete upon mailing. Fla.R.Civ.P. 1.080(b). Therefore, a timely served-by-mail response may arrive for filing with the clerk several days after the expiration of the twenty-day period. Case law makes it clear that under such circumstances the default must be set aside. Unfortunately, in ruling that the default must be set aside the courts have given as a reason that the default was “erroneous,” “premature,” or “improper.” E.g., Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 *1119 (Fla. 4th DCA 1974). In Trawick’s Florida Practice & Procedure (1986 ed.), at section 25-2, the author states that since the adverse party may have mailed a paper, postal delivery time must be added to the time for responding. He concludes that it is improper to ask the clerk to enter a default prematurely and for him to do so; that at least five days should be given for mail delivery after the return date.
In the present case, the appellant (the petitioner) filed a civil action in the Circuit Court of Manatee County. Personal service of process was properly made on all defendants. On September 11, 1986, the twenty-first day after service, the petitioner presented the appellee (the Clerk) with a motion for default. The Clerk accepted the motion but refused to enter a default until an additional five days had passed.
On September 12, 1986, the petitioner asked the trial court to issue a writ of mandamus compelling the Clerk to enter a default. That petition was denied on September 15, 1986. On the twenty-sixth day following service of summons on the defendants in the original action, September 16, 1986, the Clerk entered the default.
Thus the issue before us is technically moot. Nevertheless, we choose to address the issue because it is a recurring problem and because the clerks in this district apparently are following different procedures. Most are willing to enter a default on the twenty-first day after service of process but some others insist on waiting until the twenty-sixth day. Since this issue would nearly always be moot by the time it reached this court, unless we address it here the issue will escape appellate resolution. The matter is one of public interest and our opinion will provide guidance to the clerks in this district. Accordingly, we will consider whether the trial judge should have granted mandamus in this case. Walker v. Pendarvis, 132 So.2d 186 (Fla.1961); Times Publishing Co. v. Burke, 375 So.2d 297 (Fla. 2d DCA 1979).
We certainly cannot fault those clerks who insist on waiting until the twenty-sixth day before entering default, since they have been told by the courts and other sources that to do so earlier would be improper, erroneous, or premature. We also recognize that by allowing five days for mail delivery of a timely-served response, motions to set aside defaults would be reduced in number, thus avoiding a time-consuming and expensive process. Nonetheless, we believe that it is proper for the clerk to enter a default on the twenty-first day following personal service of process when his file reflects no timely response from the party required to respond, and that he should do so upon request. We reach this conclusion for two reasons. First and foremost, the Rules of Civil Procedure contain no authority for the clerk to wait any period of time for mail delivery. Florida Rule of Civil Procedure 1.500(a) simply provides that when a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper. We do not interpret that provision as giving the clerk discretion to decline a request for default under such circumstances.
Second, waiting a period of time for mail delivery does not completely solve the problem. If a clerk waits until the twenty-sixth day to enter default (adding five days for mail delivery), presumably his entry of default would be “proper” and not premature or erroneous. However, there are known delays in mail delivery and should the clerk receive a timely-served response on the sixth, seventh, or eighth day (or later) his properly-entered default would suddenly become improper. Thus adding an arbitrary number of days for mail delivery is not a complete solution.
Two of our sister courts have discussed this problem. In Gavin v. Gavin, the court said that in order to avoid entry of a default prematurely, at least five days should be allowed by the clerk for mail delivery before default is entered. In Gibraltar Service Corp. v. Lone & Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986), the court expressed the view that the clerk may properly enter a default when he has ascertained that no response has been filed *1120 and that more than twenty days have elapsed since process was served. We agree with the conclusion in Gibraltar Service Corp. v. Lone & Associates, Inc. A default entered on the twenty-first day is not improper, though it may be subject to being set aside. The responding party may take appropriate steps to avoid the entry of a default which he must later move to set aside. That party owns the problem, not the clerk.
For the foregoing reasons, we reverse the order denying mandamus in this case.
RYDER and LEHAN, JJ., concur.