PER CURIAM.
Ponce De Leon Federal Savings sued Mr. Martinez to foreclose a mortgage. Mr. Martinez filed, by mail, a motion to stay proceedings which, according to the certificate of service, was served by mail on the twentieth day following service of the complaint. On the twenty-first day, and before Mr. Martinez’s motion to stay reached the clerk, the bank filed a motion for a clerk’s default. The default was entered on the twenty-second day. Mr. Martinez’s motion to stay was received by the clerk on the twenty-third day. The postal cancellation stamp also bears a date of the twenty-third day following service of process. This appeal is brought from an order of the trial court denying Mr. Martinez’s motion to set aside the clerk’s default.
It is agreed that service of a paper, other than a complaint, is complete on mailing and that the certificate of service is prima facie proof that service was effectuated on *154 the date sworn to by counsel. Fla.R.Civ.P. 1.080(f). The question presented by this appeal is whether the cancellation date on the envelope, which is two days later than the attested-to date in the certificate, without more, is sufficient to overcome the prima facie case made by the certificate.
We agree with Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984), to the extent that ease holds that service by mail is considered complete on mailing even though a copy has not been received by either the clerk or the opposing party. See also Myerson v. Block, 404 So.2d 807 (Fla. 3d DCA 1981). We disagree with the trial court’s implicit determination, made without the benefit of an evidentiary hearing, that a postal cancellation date two days later than the certificate date is sufficient to rebut the prima facie proof of compliance with Rule 1.080(f).[1]
Reversed and remanded.

. It is not necessary to decide whether we will follow the five-day rule which was adopted in Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984) (to avoid premature entry of default, at least five days should be allowed by clerk for mail delivery after a return date, before default is entered). See also Nemeth v. R.B. Shore, 511 So.2d 1118, 1119 (Fla. 2d DCA 1987) (rejecting five-day waiting period and recognizing that "there are known delays in mail delivery and should the clerk receive a timely-served response on the sixth, seventh, or eighth day (or later) his properly-entered default would suddenly become improper. Thus, adding an arbitrary number of days for mail delivery is not a complete solution”).