907 So.2d 604 (2005)
Eris ARZA, Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 3D04-1721.
District Court of Appeal of Florida, Third District.
July 20, 2005.
*605 Borgognoni, Gutierrez & Arza, LLP, and Hugo P. Arza, for appellant.
Charles J. Crist, Attorney General, and Barbara R. Edwards, Assistant Attorney General (Tallahassee), for appellee, Commission.
Before LEVY, FLETCHER and SHEPHERD, JJ.
SHEPHERD, J.
Eris Arza appeals a $500 fine for filing a late campaign treasurer's report. We reverse and remand with directions to the Florida Elections Commission to reduce the fine to $50.
Arza is the treasurer for Education First, a committee of continuous existence formed pursuant to section 106.04 of the Florida Statutes. § 106.04, Fla. Stat. (2004). Section 106.04(4)(b) obligates committees of continuous existence to file regular campaign treasurer's reports with the Division of Elections. In this case, a treasurer's report was due on April 12, 2004. Under Florida Elections Commission rules, a United States Postal Service postmark is sufficient to meet the timeliness requirement of the statute. Fla. Admin. Code R. 2B-1.0052. A metered postmark does not constitute a satisfactory postmark or proof of mailing. Fla. Admin. Code R. 2B-1.0052. Arza sought to comply by delivering the report on its due date to a private mailing service for mailing through the United States Postal Service. The postmark affixed to the exterior envelope by the private mailing service was dated April 13, 2004. The record does not reflect whether the postmark was a metered postmark. The report was received by the Division on April 14, 2004. The Division filing officer deemed the report one day late[1] and by letter dated April 22, 2004, fined Education First $500 for the delinquency. The letter further demanded payment within twenty days of its receipt unless in the meanwhile Arza, as the representative of Education First, chose to appeal the filing officer's determination to *606 the Florida Elections Commission. Arza did neither, and on June 3, 2004, the Commission entered a default final order against Education First. The order noted Arza's failure to appeal and affirmed the fine.
By this appeal, Arza asks us to review the levy of the fine de novo. She points to an affidavit from the owner of the private postal service which she supplied to the Division of Elections by facsimile on June 3, 2004, and mailed to the Elections Commission the next day, suggesting that the private postal service actually logged the envelope with the United States Postal Service, return receipt requested, on its due date, April 12, despite the fact that as received by the Division the envelope somehow bore a postmark of April 13, 2004. Arza argues to this court that these facts constitute "unusual circumstances" within the meaning of section 106.04(8)(c) sufficient to obligate us to waive the fine. § 106.04(8)(c), Fla. Stat. (2004); Fla. Admin. Code R. 2B-1.0055; see also § 106.265(1), Fla. Stat. (2004). We are unable to consider Arza's argument.
"The standard of review of an agency decision based upon an issue of law is whether the agency erroneously interpreted the law and, if so, whether a correct interpretation compels a particular action." § 120.68(7)(d), Fla. Stat. (2004); Florida Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 847 (Fla. 1st DCA 2002); Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d, 594, 597 (Fla. 1st DCA 2000); Metro Dade County v. Dep't of Envtl. Prot., 714 So.2d 512, 515 (Fla. 3d DCA 1998). It is axiomatic that an agency's interpretation of a statute that it is charged with administering is to be given great weight and should not be overturned unless clearly erroneous. Brenner v. Dept. of Banking & Fin., 892 So.2d 1129, 1130 (Fla. 3d DCA 2005). "However, a court need not defer to an agency's construction or application of a statute if special agency expertise is not required or if the agency's interpretation conflicts with the plain and ordinary meaning of the statute." Florida Hosp., 823 So.2d at 848 (citing Doyle v. Dep't of Bus. Reg., 794 So.2d 686, 690 (Fla. 1st DCA 2001)).
The Default Final Order makes two findings significant to this appeal. It first concludes that Arza failed to timely prosecute an appeal of the Division of Elections determination. As that conclusion is plainly a correct interpretation of statutory law governing appeals to the Florida Elections Commission as applied to this case, § 106.04(8)(c), Fla. Stat., it necessarily follows that Arza cannot affirmatively challenge the decision of the filing officer in this court because she did not do so below. § 120.68(4), Fla. Stat. (2004)("Judicial review of any agency action shall be confined to the record transmitted....").
On the other hand, an equally plain reading of § 106.04(8)(a) leads us to conclude that the Florida Elections Commission improperly confirmed the determination of the amount of the fine made by the filing officer of the Division of Elections. Section 106.04(8)(a) unambiguously states that "The fine shall be $50 per day for the first 3 days late and, thereafter, $500 per day for each late day...." Although perhaps in error by one day, the record presented by the Division to the Elections Commission at the time it entered the Default Final Order reflected that Arza's filing was one day late. Accordingly, that portion of the order that confirms a fine in the sum of $500 was clearly erroneous and must be reversed to reflect a $50 fine for a single day of delinquency.
Reversed and remanded with directions.
NOTES
[1] If the postmark was a metered postmark affixed by the private mailing service at its office, then the report was actually two days late because in the absence of a qualifying postmark, date of receipt of the envelope controls. § 106.04(8)(b), Fla. Stat. (2004).