BENTON, C.J.
Ricardo Machado appeals an order ruling his appeal from an appeals referee to the Unemployment Appeals Commission (UAC) untimely, and dismissing the administrative appeal for lack of jurisdiction on that basis, so letting stand the denial of his claim for benefits. We reverse and remand for an evidentiary hearing.
Section 443.151(4)(b)5., Florida Statutes (2010), provides that an appeals referee’s decision is final unless further review is initiated within twenty days after the Agency for Workforce Innovation mails notice of the decision. Appeals “filed by mail shall be considered to have been filed when postmarked by the United States Postal Service. Appeals filed by hand delivery or facsimile shall be considered to have been filed when date stamped received at the authorized location.” Fla. Admin. Code R. 60BB-6.003(3). Under Florida Administrative Code Rule 60BB-7.006, an “application for review which is not filed within the time allowed by law shall be dismissed by the Commission for lack of jurisdiction.”
The decision Mr. Machado sought administrative review of was mailed to him on May 3, 2010. The decision itself informed him of the right to take an administrative appeal, and warned that the “decision will become final unless a written request for review or reopening is filed within 20 calendar days after the mailing date shown.” Paraphrasing Rule 60BB-6.003, the decision advised: “If mailed, the postmark date will be the filing date. If faxed, hand-delivered, delivered by courier service other than the United States Postal Service, or submitted via the internet, the date of receipt will be the filing date.”
Mr. Machado initiated his appeal to the UAC — or so he thought — with a letter dated May 19, 2010, that arrived in an envelope imprinted by a postage meter with “May 2010” and that the UAC stamped as received on May 27, 2010. The envelope did not contain a postmark in the sense of a “postal cancellation imprint on letters ... showing] date and the name, state, and ZIP Code of the post office or section center facility that accepted custody of the mailpiece,” United States Postal Service Glossary of Postal Terms (July 5, 2007), available at http://www.usps.com/cpim/ftp/ pubs/pub32.pdf, so the UAC ordered him to show cause why his appeal should not be dismissed. In timely response to the order to show cause, Mr. Machado submitted an affidavit stating that he had mailed his appeal papers on May 19, 2010. He “apologize[d] if the USPS did not put the date on [his] stamp and that your office did not receive it [until] May 27th.” The next thing he received was UAC’s order dismissing the administrative appeal, the order from which he has taken the present appeal.
The undated postage meter impression was plainly insufficient to establish the date on which the appeal papers were mailed. See Smith v. Idaho Dep’t of La *1006 bor, 148 Idaho 72, 218 P.3d 1133, 1136 (2009) (holding that private-postage-meter stamp could not substitute for postmark to establish date of appeal filing, and that “the meter mark is merely evidence of whether postage was paid — not when it was placed in USPS custody”); Arza v. Fla. Elections Comm’n, 907 So.2d 604, 605 (Fla. 3d DCA 2005) (noting that under Florida Administrative Code Rule 2B-1.0052, a “metered postmark does not constitute a satisfactory postmark or proof of mailing”); Lin v. Unemployment Comp. Bd. of Review, 558 Pa. 94, 735 A.2d 697, 700 (1999) (“The date on a private postage meter can be readily changed to any date by the user; therefore it lacks the inherent reliability of the official United States postmark.” (footnote omitted)); Texas Beef Cattle Co. v. Green, 862 S.W.2d 812, 814 (Tex.App.1993) (finding that “ ‘the metered stamp [in private offices] has little, if any, probative force as evidence of the date of mailing.’ ”) (quoting Albaugh v. State Bank of La Vernia, 586 S.W.2d 137, 138 n. 2 (Tex.Civ.App.1979)).
But all the information of record is consistent with a timely mailing. First and foremost is Mr. Machado’s affidavit in which he states under oath that he mailed the appeal papers on May 19, 2010, well within the time allowed. The twentieth day after the appeals referee’s opinion was mailed fell on May 23, 2010, a Sunday. See Fla. Admin. Code R. 60BB-6.004(1) (“The last day of the period shall be counted unless it is a ... Sunday ..., in which event, the period shall run until the end of the next day that is not a Saturday, Sunday or holiday.”). A letter mailed from Hollywood (the return address here) — if mailed at the close of the statutory period, near the end of Monday May 24 — might well have arrived at the UAC in Tallahassee after the close of business on Wednesday and been stamped in on the morning of Thursday May 27. Yet the UAC apparently decided that Mr. Machado mailed the papers on or after May 25, 2010, even though nothing in the record requires such a finding. The burden to show timeliness rests, of course, on Mr. Machado, but the question cannot in fairness be decided against him as a factual matter, after his perfectly adequate response to the order to show cause, without an evidentiary hearing of the kind the Agency routinely conducts, by telephone, if necessary or convenient for the parties.
Nor do the rules require dismissal if Mr. Machado mailed his notice of administrative appeal on May 19, 2010 (or at any other time within the period the statute allowed) simply because the envelope does not bear a USPS postmark. Nothing in the written advice he was given concerning administrative appeal rights — or in Florida Administrative Code Rule 60BB-6.003 itself — alerts a claimant that failure to secure a USPS postmark will mean that appeal papers sent by mail will be deemed filed when received, not when mailed.
While section 443.151(4) contains no “good cause exception,” we have applied an exception “based on due process and fairness concerns, where the delay in filing the notice of appeal ‘was occasioned by the actions of the Commission.’ ” Pollett v. Fla. Unemployment Appeals Comm’n, 928 So.2d 469, 470 (Fla. 1st DCA 2006) (quoting Thurman v. Fla. Unemployment Appeals Comm’n, 881 So.2d 89, 91 (Fla. 1st DCA 2004)). Disputes have arisen, for example, about when the referee’s decision sought to be appealed was mailed to the claimant. See, e.g., Espinosa v. Cableoptics, Inc., 807 So.2d 195, 196 (Fla. 3d DCA 2002) (collecting cases); Applegate v. Nat’l Health Care Affiliates, 667 So.2d 332, 333 (Fla. 1st DCA 1995) (remanding for an evidentiary hearing to determine “whether appellant was precluded from filing a timely appeal by reason of appellee’s failure to *1007 mail timely notice of the final determination, or by the fact that appellant did not receive such notice”). Due process and fairness concerns are implicated here, as well: The Agency’s description of appeals rights on the appeals referee’s decision is misleading, if meant to communicate that mail will be deemed filed when mailed if the envelope bears a USPS postmark but will only be deemed filed when received otherwise.
Reversed and remanded.
ROWE, J., concurs; WETHERELL, J., specially concurs with opinion.