EMAS, J.
Appellant, JPMorgan Chase Bank (“Chase”), appeals the trial court’s directed verdict in favor of Appellee, Jade Winds Association (“Jade Winds”), contending that Jade Winds lacked standing to enforce the mortgage’s terms against Chase because Chase was neither a party to, nor a third party beneficiary of, the mortgage.
Chase further contends on appeal that the trial court improperly denied its Motion for Reconsideration as untimely because the only evidence presented to contest timely service was legally insufficient.
We do not reach the merits of Chase’s first claim and, for the reasons that follow, we reverse and remand the trial court’s order denying Chase’s motion for reconsideration, with directions to conduct an evi-dentiary hearing. In doing so, we answer the following question, which appears to be one of first impression:
In determining whether a motion was timely served by mail, can a private postage-meter mark constitute competent substantial evidence to rebut the prima facie proof of mailing evidenced by the date contained in the certificate of service?
Chase filed suit to foreclose on a mortgage secured by a condominium unit then owned by Appellee Svitlana Bigley (“Big-ley”) on October 1, 2009. Chase also named Jade Winds, the entity charged with maintaining the common elements appurtenant to the unit, as a defendant, alleging Chase’s lien was superior to Jade Winds’ interest in the property.
On March 30, 2010, Chase filed a Motion for Summary Final Judgment of Foreclosure and to Re-Establish a Lost Instrument. While Chase’s action was pending, Jade Winds obtained a final judgment in a separate action and took title to the unit by foreclosing its lien for unpaid assessments. The clerk issued a Certificate of Title to Jade Winds on November 9, 2010.
On October 27, 2011, the court held a non-jury trial on Chase’s foreclosure action. Jade Winds argued that Chase failed to prove it complied with all conditions precedent under the mortgage, specifically contending Chase failed to introduce the notice of acceleration into evidence. The trial court granted a directed verdict in favor of Jade Winds. Chase was thus precluded from foreclosing on the property-
Following the January 25, 2012 entry of Final Judgment in favor of Jade Winds, Chase filed a Motion for Reconsideration. The certificate of service contained in the motion indicated it was served via First Class U.S. Mail on February 6, 2012, but the Pitney-Bowes private postage-meter stamp placed on the envelope by the attorney for Chase indicates that the envelope was stamped on February 7, 2012. The motion was electronically filed on February 6, 2012, and a hard copy was filed with the clerk on February 13, 2012.
At the subsequent hearing on Chase’s motion for reconsideration,[1] Jade Winds argued that Chase mailed the motion on February 7, 2012, and it was therefore untimely, as it was served one day beyond the ten-day deadline for serving such a motion. Chase argued that, because the certificate of service indicated the motion was mailed on February 6, the motion was presumptively timely, and the February 7 private-meter postage mark was not legal *1267 ly sufficient to rebut this prima facie proof. The court orally denied the motion as untimely and rendered its order of denial on March 14, 2012. Chase filed its notice of appeal on April IB, 2012.
On appeal, Jade Winds contends that this Court does not have jurisdiction over this appeal because Chase’s untimely motion for reconsideration did not suspend rendition of the final judgment nor toll the time for filing the notice of appeal. See Fla. R.App. P. 9.020(i). If in fact the motion for reconsideration was untimely, the notice of appeal (which was filed more than thirty days after rendition of the final judgment) is likewise untimely and constitutes a fatal jurisdictional defect. See Dominguez v. Barakat, 609 So.2d 664 (Fla. 3d DCA 1992). Because this issue involves the construction and interpretation of the rules of civil procedure, our standard of review is de novo. Sata Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006).
Motions for reconsideration are governed by Florida Rule of Civil Procedure 1.530(b), which provides in pertinent part:
A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.
The Final Judgment was entered on January 25, 2012. The last day of the ten-day period was Saturday, February 4, 2012. However, when the last day of the ten-day period falls on a Saturday or Sunday, rule 1.090(a) extends the time period to the following weekday that is not a legal holiday. Accordingly, the time for serving the motion expired on February 6, 2012.
Pursuant to then-existing Florida Rule of Civil Procedure 1.080(b),[2] “[sjerviee by mail is deemed complete upon mailing.” Further, then-existing rule 1.080(f) provides that the certificate of service date “is taken as prima facie proof of such service in compliance with this rule.” This is true even though the mailed copy of the motion may not have been received by either the clerk or the opposing party before the expiration of the ten-day time limit. Nesslein v. Nesslein, 672 So.2d 582 (Fla. 3d DCA 1996); Mr. Martinez of Miami, Inc. v. Ponce De Leon Fed. Sav. and Loan Ass’n, 558 So.2d 153, 154 (Fla. 3d DCA 1990).
Moreover, the date set forth by counsel in the certificate of service “creates a rebuttable presumption which may be overcome by competent evidence to the contrary.” Migliore v. Migliore, 717 So.2d 1077, 1079 (Fla. 4th DCA 1998). This court has previously held that “[a] postal cancellation date is not sufficient to rebut the prima facie proof of compliance -with Rule 1.080(f).” Nesslein, 672 So.2d at 583. See also Mr. Martinez of Miami, Inc., 558 So.2d at 154 (holding that, in the absence of an evidentiary hearing, a postal cancellation date two days later than the certificate of service date is not sufficient to rebut the prima facie proof of the certificate of service).
The certificate of service signed by Chase’s counsel indicates it was served by U.S. mail on February 6, 2012, and this certificate of service date therefore consti *1268 tutes prima facie proof that service by-mailing was effectuated on February 6. However, the envelope in which the motion was mailed to counsel for Jade Winds contains a private postage-meter mark, with a date showing that the postage was placed on the envelope, by the postage-meter machine in the office of Chase’s counsel, on February 7, 2012.[3]
Chase argues that the private postage-meter stamp is the equivalent of a U.S. Postal Service cancellation mark for purposes of determining date of mailing and is therefore legally insufficient to rebut the prima facie proof of the February 6 certifí-cate of service date. Jade Winds counters that this private postage-meter mark is competent substantial evidence to rebut the prima facie proof of the certifícate of service date, and in fact establishes that the mailing did not occur until (at the earliest) February 7, a day after the expiration of the ten-day period.
Thus the question presented by this case is whether the Pitney-Bowes private postage-meter mark placed on the envelope is different in kind from a United States Postal Service postage cancellation mark, such that the former could be relied upon by the trial court as competent substantial evidence to rebut the prima facie proof of the certificate of service as the date of mailing.[4] This appears to be an issue of first impression in Florida.
Reliance on the certificate of service date as the presumptive mailing date represents a straightforward method of determining service in the absence of competent evidence to the contrary. There is an implicit acknowledgment that, while the certificate of service date may not in fact be the actual date the motion was placed in the hands of the U.S. Postal Service, it establishes the earliest date of mailing, and represents a fair compromise by creat- *1269 mg an easily ascertainable date which the parties and the trial court can rely upon, generally avoiding the need for a separate hearing to make factual determinations of the actual date when the motion was placed into the U.S. mail.
As a corollary, we have recognized that a U.S. Postal Service postage cancellation date on the envelope is insufficient to rebut the prima facie proof of date of mailing as set forth in the certificate of service. See Nesslein, 672 So.2d at 583; Mr. Martinez of Miami, Inc., 558 So.2d at 154. The obvious rationale is that after the motion leaves counsel’s office, he or she no longer controls its movement or eventual delivery. Once the envelope is placed into the stream of postal commerce, it is under the control of the U.S. Postal Service, and counsel has no ability to place the cancellation date on the envelope or to effectuate delivery. Thus the most reliable date for establishing when a motion or pleading is “mailed” for purposes of determining “service” is the date when it leaves the hands of counsel and is placed into the hands of the U.S. Postal Service. This will generally be determined by the date indicated by counsel on the certificate of service and serves as prima facie proof of the date of mailing (and therefore “service”) under the rules. How long it takes thereafter for the U.S. Postal Service to place its cancellation mark on the envelope, or to deliver the envelope to the addressee, is deemed legally insufficient to rebut the prima facie proof created by the certificate of service date.
However, the date placed upon the envelope by a private postage meter is different in kind from a U.S. Postal Service postage cancellation mark. The private postage meter is in counsel’s office and is controlled by counsel. When the envelope is stamped by the private postage meter, it places both the postage and a date on the envelope. At this point, the envelope and its contents are still in the custody and control of counsel. The envelope has not yet been placed into the stream of postal commerce with the U.S. Postal Service. In this regard, the private postage meter mark is distinguishable from a U.S. Postal Service cancellation mark. In fact, the private postage meter mark (at least in theory)[5] provides a more accurate date of mailing than does the date on the certificate of service. Common sense dictates that the envelope is stamped and dated by counsel’s private postage meter after the certificate of service has been dated and signed. The private postage-meter stamp would generally represent the last act before the envelope and its contents are placed into the hands of the U.S. Postal Service. Applied to this case, the private postage-meter stamp would serve as evidence that the earliest date the motion could have been mailed was February 7, rather than February 6.
Chase cites to several cases from other jurisdictions in support of its argument that the private postage-meter mark is the *1270 equivalent of the U.S. Postal Service cancellation mark and therefore, like the cancellation mark, is insufficient to rebut the proof of mailing as evidenced by the certificate of service.[6] Chase misreads those cases; when read in context, they do not support the proposition advanced by Chase. Those cases construed statutory or regulatory definitions of the term “postmark” and determined that a private postage-meter mark is a “postmark” for purposes of determining the date on which a document is mailed. Those cases do not address whether a private postage-meter mark may be used as competent evidence to rebut the presumptive mailing date as indicated on a certificate of service.[7]
We therefore hold that a private postage-meter mark, which places the postage and date stamp upon the envelope prior to its placement in the hands of the U.S. Postal Service for mailing, constitutes competent substantial evidence that can rebut the prima facie proof created by the date contained in a certificate of service.
Since this issue is one of first impression, and given the non-evidentiary nature of the hearing below,[8] we reverse the trial court’s order and remand this cause to the trial court in light of our holding and to afford the parties an opportunity, if appropriate, to present evidence and for the trial court to determine the date on which the motion was served.
Should the trial court determine that the motion was timely filed, it should then consider the merits of Chase’s motion for reconsideration.
Reversed and remanded with directions.

. The motion for reconsideration was heard on a five-minute motion calendar. No evi-dentiary hearing was held and no evidence was introduced. Nevertheless, Chase does not contest that the private postage-meter mark on the envelope was dated February 7, 2012.

. Rule 1.080 was amended effective September 1, 2012, and now provides that ‘‘[e]very pleading subsequent to the initial pleading and every other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.” Rule 2.516 provides additional methods for service, but incorporates the provisions that ‘‘[sjerviee by mail is complete upon mailing” and that ‘‘the certificate [of service] is taken as prima facie proof of such service in compliance with this rule.” See rule 2.516(b)(2) and (g).

. The attorneys representing Chase in this appeal did not represent Chase in the trial court.

. We note in passing that Florida Rule of Civil Procedure 1.530(b) provides that the date of service (rather than the date of filing) is the operative act in determining the timeliness of a motion filed pursuant to that rule. An amendment to rule 1.530(b) to provide that the filing of the motion within ten days constitutes the operative act (and service within some reasonable time of filing) would render moot the issue presented here. See Fed. R.Civ.P. 59(b) (amended in 1995 to provide: “A motion for a new trial must be filed no later than 28 days after the entry of judgment.”) (emphasis added). The Advisory Committee Notes to the 1995 amendment of Federal Rule of Civil Procedure 59(b) observed:
The only change, other than stylistic, intended by this revision is to add explicit time limits for filing motions for a new trial, motions to alter or amend a judgment, and affidavits opposing a new trial motion. Previously, there was an inconsistency in the wording of Rules 50, 52, and 59 with respect to whether certain post-judgment motions had to be filed, or merely served, during the prescribed period. This inconsistency caused special problems when motions for a new trial were joined with other post-judgment motions. These motions affect the finality of the judgment, a matter often of importance to third persons as well as the parties and the court. The Committee believes that each of these rules should be revised to require filing before end of the 10-day period. Filing is an event that can be determined with certainty from court records.
See also Migliore, 717 So.2d at 1080 (acknowledging the confusion engendered by the use of service as the operative act, and noting the 1995 amendments to Federal Rule of Civil Procedure 59).
In the interest of uniformity, if rule 1.530(b) were amended to make date of filing the operative act, the same change should be considered to rule 1.530(c) (time for serving affidavits in opposition to motion for new trial), rule 1.530(g) (time for motion to alter or amend judgment) and rule 1.480(b) (time for motion to set aside verdict or for judgment in accordance with motion for directed verdict).

. There is no evidence in the record below regarding the use and maintenance of the private postal meter, including the method by which the date on the postal meter was set or changed. For example, if the postal meter date was routinely changed each day at 5 p.m. (to the following business day) and the envelope in this case was run through the postage meter on February 6, but after 5 p.m., the envelope would be stamped February 7. Because the trial court did not hold an evi-dentiary hearing, and because this issue appears to be one of first impression in Florida, Chase did not have the opportunity to present evidence regarding the use and maintenance of the private postage meter, or to otherwise rebut the assertion that the motion was served by mail on February 7 rather than February 6. For this reason, we remand this cause to the trial court to conduct an evidentiary hearing to determine the date of service of the motion for reconsideration.

. See Lozier Corp. v. Douglas Cty. Bd. of Equalization, 285 Neb. 705, 829 N.W.2d 652 (2013); Chevron U.S.A., Inc. v. Dept. of Revenue, State, 154 P.3d 331 (Wyo.2007); Haynes v. Hechler, 182 W.Va. 806, 392 S.E.2d 697 (1990); Bowman v. Administrator, Ohio Bureau of Employment Svcs., 30 Ohio St.3d 87, 507 N.E.2d 342 (1987). In fact, the conclusions reached in these decisions support our analysis. In Bowman, for example, the Ohio Supreme Court concluded that a private meter postmark is “presumptively valid and accurate” and “constitutes evidence of the date of deposit of the item in the mail.” Id. at 344-45. In Lozier, the Nebraska Supreme Court determined that the nature and extent of regulations governing use of private postage meters "are sufficient to qualify, a postage meter stamp as satisfactory evidence of the date of mailing.” Lozier, 829 N.W.2d at 660.

. We note there are two cases in Florida which, although not addressing the precise issue in this case, discuss in general terms the equivalence of a U.S. Postal Service postmark and a private meter mark. However, each of these cases involves administrative regulations that expressly require U.S. Postal Service postmarks as proof of mailing. See Arza v. Florida Elections Commission, 907 So.2d 604, 605 (Fla. 3d DCA 2005) (noting that Rule 2B-1.0052 of the Florida Administrative Code requires a U.S. Postal Service postmark as proof of mailing and expressly provides that a "metered postmark does not constitute a satisfactory postmark or proof of mailing”); Machado v. Florida Unemployment Appeals Comm’n, 48 So.3d 1004 (Fla. 1st DCA 2010) (acknowledging that Rule 60BB-6.003(3) of the Florida Administrative Code provides that an unemployment appeal which is filed by mail "shall be considered to have been filed when postmarked by the United States Postal Service” and finding that an undated private postage meter mark was plainly insufficient to establish the date of mailing).

.Although the trial court did deny the motion as untimely, it made no factual findings at the hearing to support this determination. Additionally, there was an ambiguous statement made during the hearing by Chase’s counsel which could have been construed by the trial court (and which was argued by Jade Winds on appeal) as an admission that the motion was not mailed until February 7.