NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALBERTO R. VALLE,              )
                               )
        Appellant/Cross-Appellee,  )
                               )
v.                             )        Case No. 2D16-2848
                               )
SCOTT S. FLORY,                )
                               )
        Appellee/Cross-Appellant.  )
                               )
_____)

Opinion filed August 15, 2018.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Roy D. Wasson of Wasson & Associates,
Chartered, Miami; and Frank D. Butler of
Frank D. Butler, P.A., Pinellas Park, for
Appellant/Cross-Appellee.

Anthony J. Russo and Mihaela Cabulea of
Butler Weihmuller Katz Craig LLP, Tampa;
and Nina M. Hanson of Kaleel & Kaleel,
St. Petersburg, for Appellee/Cross-
Appellant.


VILLANTI, Judge.


        Alberto Valle, who was the plaintiff below, seeks review of the final

judgment entered in favor of Scott Flory after a jury trial in this personal injury case

arising from an auto accident.  Flory cross-appeals the denial of his motion for attorney's

fees pursuant to a proposal for settlement that he served under section 768.79, Florida Statutes (2014), and Florida Rule of Civil Procedure 1.442. We reject Valle's arguments directed to the final judgment and affirm that judgment without further comment. On the cross-appeal of the attorney's fee order, we reverse and remand for further proceedings.

Valle sued Flory for injuries he allegedly suffered in a car accident that occurred on August 2, 2012. Prior to trial, Flory admitted that the driver of his car was negligent in causing the accident; however, the issues of causation of any injuries and damages were hotly contested.

As the case proceeded through discovery, Flory served a proposal for settlement on Valle pursuant to the provisions of section 768.79 and rule 1.442. There is no dispute that Valle's counsel timely received the proposal for settlement via certified mail; however, there is also no dispute that the certificate of service that accompanied the proposal for settlement was not signed by Flory's counsel, apparently through oversight. But, Valle rejected the proposal for settlement and proceeded to trial.

At trial, the jury returned a verdict in favor of Flory, finding that the negligence of the driver of his car was not the cause of any of Valle's injuries. After final judgment was rendered in favor of Flory, Flory filed a motion for an award of attorney's fees pursuant to the unaccepted proposal. The trial court denied this motion <u>solely</u> on the ground that the proposal was invalid because the certificate of service that accompanied it was not signed, which the court found rendered the proposal noncompliant with the requirements of rule 1.442(c)(2)(g). Flory now appeals this ruling, arguing that this omission did not render the proposal invalid. We agree.

Rule 1.442(c)(2) lists the requirements for the form and content of a proposal for settlement. When the proposal at issue was served in 2014, subsection (2)(G) required that the proposal "include a certificate of service <u>in the form required by rule 1.080</u>." (Emphasis added.) In turn, the applicable version of rule 1.080(a) provided that "[e]very pleading subsequent to the initial pleading, all orders, and <u>every other document filed in the action</u> must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." (Emphasis added.) And the applicable version of rule 2.516 prescribed <u>the required form</u> of a certificate of service:

> When any attorney certifies in substance:
>
> "I certify that the foregoing document has been furnished to (here insert name or names, addresses used for service, and mailing addresses) by (e-mail) (delivery) (mail) (fax) on ...(date)...
>
> _____
> Attorney"
>
> the certificate is taken as prima facie proof of such service in compliance with this rule.

Fla. R. Jud. Admin. 2.516(f). Other sections of rule 2.516 defined when and how service was to be made. Notably, however, nothing in rule 1.442, rule 1.080, or rule 2.516 referred to any other rule of procedure, including rule 2.515 which deals with signatures of attorneys on documents. Hence, nothing in the plain language of the applicable rules actually required the certificate of service accompanying the proposal for settlement to be signed.

Recently, in <u>Boatright v. Philip Morris USA, Inc.</u>, 218 So. 3d 962 (Fla. 2d DCA 2017), this court addressed the question of whether the language of rule 1.442(c)(2)(G) required compliance with all of the provisions of rule 2.516. In

concluding that it did not, this court noted that rule 1.442(c)(2)(G) requires compliance with rule 1.080(a); rule 1.080(a) requires that service comply with rule 2.516 when a document is <u>filed</u>; and since proposals under rule 1.442 are not <u>filed</u>, they do not have to comply with the portions of rule 2.516 dealing with service.  "Simply stated, proposals for settlement are not subject to the service requirements of rule 2.516 because the proposals do not meet rule 1.080(a)'s threshold requirement that they be 'filed in the action.' "  <u>Id.</u> at 965.  Thus, <u>Boatright</u> made clear that the only portion of rule 2.516 that is relevant to proposals for settlement is the <u>form</u> of certificate of service identified in rule 2.516(f).

Here and in the trial court, Valle did not contend that the certificate of service that accompanied Flory's proposal for settlement did not comply with the <u>form</u> prescribed by rule 2.516(f).[1]  Rather, he argued that the certificate of service had to be signed pursuant to rule 2.515, which requires that "[e]very document of a party represented by an attorney shall be signed by at least 1 attorney of record."  However, applying the logic of <u>Boatright</u> that the portions of rule 2.516 not specifically referenced in rule 1.442 are not relevant to the issue of whether a proposal for settlement complies

_____

[1]Valle did contend that the absence of a signature on the certificate of service rendered the proposal ambiguous because he could not be sure that Flory's counsel intended to actually serve the proposal.  However, the ambiguities that could render a proposal for settlement invalid are those that preclude the recipient from "fully evaluat[ing] its terms and conditions."  <u>Carey-All Transport, Inc. v. Newby</u>, 989 So. 2d 1201, 1205 (Fla. 2d DCA 2008) (quoting <u>Nichols v. State Farm Mut.</u>, 851 So. 2d 742, 746 (Fla. 5th DCA 2003)).  Nothing about the absence of counsel's signature on the certificate of service precluded Valle from evaluating the terms and conditions of Flory's proposal.  In addition, such "minor [and] nonsubstantive objections" are anathema to the purposes of the proposal for settlement statute and rule, which is to promote settlement and finality.  <u>Id.</u> at 1206.

with that rule, it is clear that the provisions of rule 2.515—a completely separate rule that is not referenced at all in rule 1.442—are not relevant to that issue either.

Moreover, even if the signature requirements of 2.515 could somehow be construed to apply to proposals for settlement under rule 1.442, the text of rule 2.515 demonstrates that it does not apply to proposals for settlement. As noted above, rule 2.515 requires that a "document" be signed by the attorney of record; however the rule does not define the term "document." Instead, the definition of the term "document" is found in rule 2.520, which defines "documents" as "pleadings, motions, petitions, memoranda, briefs, notices, exhibits, declarations, affidavits, orders, judgments, decrees, writs, opinions, and <u>any paper or writing submitted to a court</u>." Fla. R. Jud. Admin. 2.520(a) (emphasis added). Not only does a proposal for settlement not fall into any of the enumerated categories of "documents" in rule 2.520, it does not fall into the catch-all provision because proposals for settlement are not "submitted to a court" when they are served. See Fla. R. Civ. P. 1.442(d) (providing that a proposal be served on the parties to whom it is made "but shall not be filed unless necessary to enforce the provisions of this rule"). Therefore, even if Valle was correct that the signing requirement of rule 2.515 applied generally to rule 1.442, that requirement would nevertheless not apply to the initial service of proposals for settlement on the opposing party because those proposals are not "documents" as defined.[2]

---

[2]We recognize that proposals for settlement may ultimately be filed with the court if enforcement proceedings become necessary; however, that does not change the outcome here because the question of whether a proposal for settlement is valid is based on the circumstances that existed when it was served on the opposing party—not when it is later filed following the entry of judgment. This subsequent filing cannot retroactively invalidate a proposal that was otherwise proper when it was initially served.

For all of these reasons, we conclude the trial court's determination that Flory's proposal for settlement was invalid because the certificate of service accompanying it was not signed in compliance with rule 2.515 was simply incorrect. In reaching this conclusion, we neither condone nor encourage a practice of failing to sign certificates of service. An attorney's signature on any document or paper served on another party establishes that the attorney has read the document and that, to the attorney's knowledge, there are good grounds to support it. See Fla. R. Jud. Admin. 2.515(a)(1), (2). Moreover, a signed certificate of service can have legal significance if questions arise about whether a document was timely served. See, e.g., JPMorgan Chase Bank, Nat'l Ass'n v. Bigley, 120 So. 3d 1265, 1267 (Fla. 3d DCA 2013) (noting that a signed certificate of service "creates a rebuttable presumption" that the document was mailed on the date certified (quoting Migliore v. Migliore, 717 So. 2d 1077, 1079 (Fla. 4th DCA 1998))). Further, the importance of attorney signatures on documents is underscored by the fact that rule 2.515 contains a sanctions provision that permits unsigned documents to be stricken. See Fla. R. Jud. Admin. 2.515(a)(4). In light of these purposes and consequences, our decision in this case should not be viewed as an imprimatur of approval of the failure of an attorney to sign a document. However, we cannot impose signature requirements on the parties that are not placed there by the applicable statute and rules, and we cannot find a proposal for settlement invalid for the lack of a signature on the certificate of service when no signature is expressly required. Any such requirement will require an amendment to the applicable rules.

Accordingly, we reverse the denial of Flory's motion for attorney's fees and remand for further proceedings. In doing so, we note that while Flory asks this court to

reverse and remand for entry of a judgment of attorney's fees in his favor, the trial court denied his motion for attorney's fees solely on the basis that the certificate of service accompanying the proposal was not signed. The trial court did not rule on any of the other arguments made by Valle concerning the validity of Flory's proposal for settlement, and we will not determine the validity of the proposal for settlement for the first time on appeal. Instead, we simply reverse and remand for further proceedings, at which the trial court should address any remaining issues concerning Flory's entitlement to attorney's fees pursuant to the proposal.

Affirmed in part; reversed in part; remanded for further proceedings.


KELLY, J., Concurs.
LUCAS, J., Concurs in result only.