DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KUEHNE + NAGEL, INC.,**
Appellant,

v.

**OJ COMMERCE LLC,**
Appellee.

No. 4D2025-0114

[May 27, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin Singer, Judge; L.T. Case No. 062020CA008025AXXXCE.

Kara Rockenbach Link and Daniel Marc Schwarz of Link & Rockenbach, PA, West Palm Beach, and Marc Alan Rubin and Andrew Robert Spector of Spector Rubin, P.A., Miami, for appellant.

Shlomo Y. Hecht of Shlomo Y. Hecht, P.A., Miramar, for appellee.

SHERMAN, JAMES, Associate Judge.

We are asked to decide the effect of a choice-of-law provision on the validity of a proposal for settlement, where the offeree was later found to have waived application of the out-of-state law to the merits of the case. Because the offeree had not waived application of New York law to the case when the offeree received the proposal for settlement, we hold that the proposal was ineffective to create a right to fees under section 768.79, Florida Statutes (2020). Our ruling on this issue renders moot the remaining points on appeal.

**FACTS**

Kuehne + Nagel ("K+N") and OJ Commerce LLC ("OJC") entered into a shipping agreement containing a New York choice-of-law provision:

**21. Governing Law; Consent to Jurisdiction and Venue**.
These terms and condition of service and the relationship of the parties shall be construed according to the laws of the

State of **NEW YORK** without giving consideration to principals [*sic*] of conflict of law.

After a fallout between the parties, OJC sued K+N in Broward County, attaching a copy of the agreement to the complaint. K+N initially responded with a motion to dismiss based upon lack of personal jurisdiction. The motion included a request to transfer venue to New York and cited the agreement's choice-of-law provision, stating, "Plaintiff fails to invoke New York law."

K+N then answered the complaint and filed a counterclaim and subsequent amended counterclaim. K+N asserted the counterclaim and amended counterclaim were filed without prejudice as to K+N's pending motion to dismiss and "with respect to [the agreement's] terms and conditions." Neither filing cited substantive Florida law.

Shortly after K+N filed the amended counterclaim, OJC served it with a proposal for settlement pursuant to section 768.79. K+N took no action on the proposal. As a result, if Florida law applied, the proposal would have been deemed rejected by operation of section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442(f)(1). K+N never set its motion to dismiss for hearing, and did not raise New York law in furtherance of, or in opposition to, any of the motions filed in the case until it submitted its motion for summary judgment, well after the proposal for settlement had expired.

The case proceeded to jury trial, at which OJC prevailed. Post-judgment, OJC moved for attorneys' fees under the reciprocality provision of subsection 57.105(7), Florida Statutes, and section 768.79. K+N opposed the motion, contending that the case was governed by New York law, which does not recognize either subsection 57.105(7) or section 768.79 as a basis for the imposition of fees. The trial court denied the motion on the first basis, but found that K+N had waived enforcement of the choice-of-law provision, and thus only awarded fees under section 768.79. Notably, however, the trial court did not specify the point at which K+N had waived the choice-of-law provision. This timely appeal ensued.

## ANALYSIS

Orders deciding a party's eligibility to recover fees under section 768.79 are reviewed de novo, as is a trial court's choice-of-law determination. *See Est. of Diamond by & through Diamond v. U.S. Bank Nat'l Ass'n*, 418 So. 3d 165, 166 (Fla. 4th DCA 2025) (citing *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015)); *see also Engelin v. Portfolio Recovery Assocs., LLC*, 419

So. 3d 164, 166 (Fla. 2d DCA 2025) ("A trial court's choice-of-law determination is also reviewed de novo.").

As a general matter, our Supreme Court has recognized that "section 768.79 is substantive for both constitutional and conflict of law purposes." *See Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012). As such, section 768.79 is inapplicable where the parties "have contractually agreed to be bound by the substantive laws" of another state. *Id.* at 81-82.

Here, OJC was made doubly aware of K+N's intention to enforce New York substantive law by the agreement itself, which was attached to the complaint, and by K+N's motion to dismiss raising the choice-of-law provision. *See Engelin*, 419 So. 3d at 166-67 (recognizing that a party must raise choice-of-law in the pleadings or the first motion or response); *Fla. First Fin. Servs., LLC v. Randolph*, 350 So. 3d 820, 823-24 (Fla. 1st DCA 2022) ("To the extent that it needed to plead and prove the application of foreign law, Florida First's attachment of the contract containing the choice-of-law provision to the complaint at the outset of the lawsuit was sufficient.").

Because New York law was properly invoked, we must next consider when K+N waived the choice-of-law provision. This is necessary to determine which substantive law applied to the proposal for settlement when OJC served it on K+N. *See Valle v. Flory*, 253 So. 3d 742, 745 n. 2 (Fla. 2d DCA 2018) ("[T]he question of whether a proposal for settlement is valid is based on the circumstances that existed when it was served on the opposing party—not when it is later filed following the entry of judgment.").

Precedent dictates that a litigant's right to enforce a properly invoked contractual choice-of-law provision will not be deemed waived until a party fails to assert the out-of-state law at a point where its divergence from Florida law becomes dispositive in the case. *See Fla. First*, 350 So. 3d at 824 ("Where both foreign law and the law of the forum state could apply, foreign law need not be specifically argued until it 'is claimed to be dispositional.'") (quoting *Jackson v. State*, 18 So. 3d 1016, 1029 (Fla. 2009)). Until then, a trial court must assume that the laws of Florida and the relevant jurisdiction are the same. *Fla. First*, 350 So. 3d at 824 ("[U]nless the law of the foreign state is specifically pleaded, Florida courts will presume that the foreign law is the same as Florida law.").

In the present case, the trial court did not specifically determine when the waiver occurred. Instead, the court broadly found that K+N had waived its right to enforce New York law by tacitly abandoning its motion

3

to dismiss, arguing Florida law in opposition to a motion for leave to amend to add a punitive damages claim, failing to raise the issue in the pre-trial stipulation, and failing to identify governing New York law prior to summary judgment. However, the court pointedly declined to find that K+N had waived the choice-of-law provision at the time OJC served the proposal for settlement.

We conclude that K+N had not waived its right to enforce New York law before the proposal was served. K+N never expressly withdrew its motion to dismiss seeking to enforce New York law. On the contrary, K+N's answer and counterclaim, and its amended counterclaim, continued to assert K+N's right to enforce the choice-of-law provision. Without an express waiver, the provision could only have been waived by operation of law when New York law became dispositional and K+N failed to raise it. *See Fla. First*, 350 So. 3d at 824. But all of the filings relied on by the trial court to find waiver were served after the proposal had expired. Thus, the dispute remained subject to New York law during the relevant time period. K+N was, therefore, entitled to evaluate the proposal in accordance with New York law.

Since New York law applied to the substantive issues in the case at the time OJC served the proposal for settlement, OJC had to establish that New York law provides a basis for OJC to recover fees based upon K+N's rejection of the proposal for settlement. OJC did not do so. Accordingly, we hold that the trial court erred in awarding OJC attorneys' fees and costs based upon K+N's failure to accept the proposal for settlement under section 768.79.

In reaching that conclusion, we recognize, as K+N has argued, that this court's precedent suggests a fee litigant may, post-judgment, invoke a contractual choice-of-law provision to oppose a fees motion, regardless of an earlier waiver by operation of law. *See Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708 (Fla. 4th DCA 2002). As characterized by K+N, *Precision* holds that Florida preserves the parties' choice-of-law at the fees stage. But *Precision*, though somewhat analogous, lacks sufficient factual detail on the relevant issue here to extract such a broad principle.

In *Precision*, the parties agreed by contract to be bound by Virginia law. During litigation, the trial court entered a default, thereby striking the defendant's affirmative defenses. Post-judgment, the trial court awarded attorneys' fees to the plaintiff based on the contract's attorneys' fees provision, combined with subsection 57.105(7). This court reversed on appeal, holding that subsection 57.105(7) was inapplicable because the parties had agreed to be bound by Virginia law under the contract. *Id.* at

4

711. Unfortunately for K+N, *Precision* does not explain whether the trial court continued to apply Virginia law to the substantive issues of the case after the default and, if so, whether such application occurred over objection, by stipulation, or for other reasons. Ultimately, we need not decide whether K+N's interpretation of *Precision* is correct because we decide this case on the narrower grounds set forth above.

This final judgment awarding attorneys' fees is reversed.

*Reversed.*

KUNTZ, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***